MEYER & STEFFENS, INC., Respondent, v. CLAFLIN REALTY CORP., Appellant.

First Department, December 23, 1938.

*Abraham Berman*, for the appellant.

*Nathaniel T. Helman*, for the respondent.

COHN, J.  The action is one for commissions by a real estate broker.  Plaintiff claims that through one of the licensed real estate brokers in its employ it procured a purchaser ready, able and willing to buy a parcel of property at 1171 Sherman avenue, county of Bronx, upon terms specified by defendant, which is the owner, and that the latter refused to complete the transaction.  The

president of the defendant company, it is asserted, verbally agreed, on December 10, 1936, to all the terms and promised to enter into a formal contract of sale upon his return from Florida, title to close on February 1, 1937. The alleged purchaser never met or spoke to any of the officers of defendant and no written agreement was ever entered into nor was the property sold. At the trial defendant maintained that there had been no employment of plaintiff and that at no time did plaintiff produce a buyer.

Plaintiff's version of the terms offered by defendant and accepted by the purchaser was a price of $105,750, subject to a first mortgage of $85,000 bearing interest at the rate of five and one-half per cent annually, which was to become due in March, 1937. However, the prospective purchaser, who was called by plaintiff as its witness, gave positive and repeated testimony in direct and in cross-examination that he was prepared to buy the property only upon condition that the mortgage was past due and bore interest at the rate of five per cent. This proof completely destroyed plaintiff's contention that its customer was ready and willing to buy subject to a mortgage not yet due, bearing interest at five and one-half per cent.

The law is well settled that a broker is not entitled to commissions upon the sale of real estate until the minds of the buyer and seller meet, not only as to the price but also in respect of the terms of the sale and all the incidents of the transaction. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Thompson & Co., Inc.*, v. *New Madison Sq. Garden Corp.*, 225 App. Div. 521; *Gallagher* v. *Dullea*, 199 id. 119; *Arnold* v. *Schmeidler*, 144 id. 420; *Haase* v. *Schneider*, 112 id. 336.) The rate of interest required to be paid upon a mortgage and the term for which it runs are essential terms of the transaction upon which the minds of the parties must meet. This court has so held in *Maxwell* v. *Hamilton Apartments, Inc.* (215 App. Div. 348). In that case (at p. 353) the court, in setting aside a verdict for plaintiff, said: " There was no agreement, no meeting of the minds regarding the second mortgage either as to the term of years it was to run, the manner of payment or the rate of interest."

The testimony of plaintiff's customer established that plaintiff had not procured a purchaser who was willing and able to buy the property upon the terms upon which plaintiff alleges defendant had agreed to sell the premises. The minds of the parties had not met upon all the terms of the transaction. Therefore, plaintiff failed to prove a cause of action.

The judgment should, accordingly, be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.