ROBERT W. ALDRICH RODGER, Respondent, *v.* EMIGRANT INDUS-
TRIAL SAVINGS BANK, DRY DOCK SAVINGS INSTITUTION, CENTRAL
SAVINGS BANK and EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES, Appellants, and PRUDENTIAL INSURANCE
COMPANY OF AMERICA and UNION CENTRAL LIFE INSURANCE
COMPANY, Appellants.

(Consolidated Appeals.)

First Department, February 16, 1940.

*Edward F. Clark* of counsel [*Leonard J. Reynolds* and *Albert B.
Gins* with him on the brief; *Clark & Reynolds,* attorneys], for the
appellants The Prudential Insurance Company of America and
The Union Central Life Insurance Company.

*William I. Hart* of counsel [*John F. Elsaesser* with him on the
brief; *Truesdale & Hart,* attorneys for Dry Dock Savings Insti-
tution; *Joseph H. Praetz,* attorney for Emigrant Industrial Savings
Bank; *Curtis, Mallet-Prevost, Colt & Mosle,* attorneys for Central
Savings Bank; *Alexander & Green,* attorneys for Equitable Life
Assurance Society of the United States], for the appellants above
named.

*Thomas E. Shea,* for the respondent.

O'MALLEY, J. Both sets of defendants seek to have the complaint made more definite and certain, while one seeks to have three alleged causes of action separately stated and numbered. It is asserted that these three causes are (1) breach of contract for an agreed remuneration; (2) an action in *quantum meruit* predicated upon the same services; and (3) for loss of anticipated profits.

In our view, the complaint does not seek recovery for loss of anticipated profits. While paragraph " VIII " alleged that plaintiff lost the sum of $364,000, it is obvious that, when the language of the paragraph as a whole is considered, plaintiff is referring merely to the agreed compensation.

It has been the practice long established to plead in one count both the agreed compensation and the reasonable value of the services rendered; and recovery on the latter theory has been permitted even where only the agreed remuneration has been pleaded. (*Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.,* 173 App. Div. 113; *Sussdorff* v. *Schmidt,* 55 N. Y. 319, 324; *Lockhart* v. *Hamlin,* 190 id. 132, 137; *McKeon* v. *Van Slyck,* 223 id. 392, 399.) The motion to compel plaintiff to separately state and number was, therefore, properly denied.

The complaint, however, should have been directed to be made more definite and certain. In endeavoring to plead the contract and the breach thereof on the part of the defendants, the complaint alleges:

" V. That during the period from on or about the 1st day of November, 1937, to on or about the 15th day of May, 1939, and at the special instance and request of defendants, plaintiff performed services necessary to the creation, planning and laying-out of a model, moderate-rental housing project located and to be erected in the neighborhood of Corlears' Hook Park, Borough of Manhattan, City of New York."

" VII. That the defendants failed and refused to do and perform certain acts and things necessary to the task of constructing the housing project, more particularly described in paragraph hereof marked ' V,' and agreed by them to be done, whereby said housing project failed of consummation and was never built."

In our opinion, the defendants justly claimed that they should not be compelled to answer without these allegations being made more specific and certain. They are so indefinite that their precise meaning is not apparent.

The plaintiff should have been directed to set forth specifically the terms of the agreement and, particularly, the services by him

to be rendered with respect to paragraph " V;" and, as to paragraph " VII," to set forth the specific acts and things which the defendants agreed, but failed and refused, to do.

It follows, therefore, that the orders appealed from should be reversed, each with ten dollars costs and disbursements, and the motions granted to the extent of directing the plaintiff to make the complaint more definite and certain in accordance herewith and otherwise denied.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Orders unanimously reversed, each with ten dollars costs and disbursements, and motions granted to the extent of directing the plaintiff to make the complaint more definite and certain in accordance with opinion; otherwise denied. Settle orders on notice.