MAX JACOBS, Doing Business under the Trade Name and Style of ACME TRADING Co., Appellant, v. GEORGE MIDNER and WILLIAM F. MIDNER, Respondents.— On argument, order denying plaintiff's motion for summary judgment affirmed, without costs. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

HAZEL S. JONES, Executrix, etc., of JAY S. JONES, Deceased, Respondent, v. MORRIS GOGOLICK, Appellant.— Plaintiff's testator, Jay S. Jones, was engaged in the practice of the law in partnership with one M. Arthur Helfhat, deceased, and with defendant Gogolick. Mr. Helfhat predeceased Mr. Jones, and thereafter Mr. Jones, until his death, continued in partnership with Gogolick. Plaintiff has alleged two causes of action: (1) for an accounting of the partnership affairs between Jones, Helfhat and Gogolick, and between Jones and Gogolick; and (2) to recover $750, being unpaid drawings for three weeks which her testator was entitled to receive pursuant to an agreement between him and defendant Gogolick. Mr. Gogolick is the sole defendant. With respect to the first cause of action defendant Gogolick moved under Rules of Civil Practice, rule 102, to compel plaintiff to serve an amended complaint so as to make the first cause of action more definite and certain as to which partnership plaintiff seeks an accounting and on the further ground that there is a defect of parties defendant because of plaintiff's failure to join the estate of Mr. Helfhat. Defendant also moved under rule 90 to compel plaintiff to serve an amended complaint separately stating and numbering the causes of action. With respect to the second cause of action defendant Gogolick moved under rule 106 to dismiss it on the ground that it fails to state a cause of action. Order denying defendant's motion modified on the law and the facts so as to provide that the motion be granted to the extent of requiring plaintiff, within ten days from the entry of the order hereon, to serve an amended complaint and supplemental summons bringing in as parties defendant the representatives of the estate of M. Arthur Helfhat, deceased. As thus modified, the order is affirmed, with ten dollars costs and disbursements to appellant. The second cause of action on its face is sufficient. Whether plaintiff is entitled to recover the sum of $750 on an independent promise or whether this item should be treated as part of the accounting will be determined on the trial. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. Settle order on notice.

(September 16, 1941.)

GAYTON DELISA, an Infant, by MICHAEL DELISA, His Guardian ad Litem, and MICHAEL DELISA, Individually, Respondents, v. ARTHUR F. SCHMIDT, INC., Defendant, and WARREN NORGE COMPANY, INC., Appellant.— Order denying motion of the defendant, appellant, Warren Norge Company, Inc., to amend its answer reversed on the law and the facts, without costs, and motion granted, without costs, upon condition that the said defendant, appellant, be ready for trial on September 22, 1941, or on such subsequent date as the case is reached for trial. The denial was an improper exercise of the court's discretion. (Civ. Prac. Act, § 105; Muller v. City of Philadelphia, 113 App. Div. 92.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.