Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Since this was a nonsuit, the plaintiff is entitled to the most favorable inferences that can be drawn from the testimony. Giving to the testimony that broad construction, we conclude that enough was shown to put the defendants to their proof on the issue whether the purchaser and defendants agreed upon all the essential terms of a contract of purchase and sale. The variation between the terms of the mortgage as pleaded and the terms as could have been found from the testimony of the purchaser as the ones upon which an agreement was reached was immaterial ás no prejudice to the defendants was shown. Neither would the variance between the testimony of the plaintiff as to the terms of the mortgage and that of the purchaser necessarily defeat the plaintiff’s right of recovery, because we. find no such situation here as disclosed in Meyer & Steffens, Inc., v. Claflin Realty Gorp. (255 App. Div. 565). While coneededly the contract of purchase and sale was subject to conditions, still had the conditions been met, plaintiff would have been entitled to his commissions. We do not believe that the defendants, having entered into such conditional contract, could then arbitrarily refuse to go on with the contract and thus defeat the plaintiff's right of recovery. *1100 We treat the statements of the defendant Trout after he had refused to enter into a written contract of sale as in the nature of an admission that the plaintiff had earned his commissions. We do not intend to say by this decision that upon a new trial, after hearing the defendants’ testimony, the issues would necessarily have to be submitted to a jury. All concur; Dowling, J., not voting. (The judgment dismisses the complaint in an action to recover real estate commissions.) Present — Dowling, Harris, McCurn, Larkin and Love, JJ.