HETTY S. PHILLIPS, Respondent, v. ABRAHAM L. OLTARSH, Appellant.

First Department, June 21, 1948.

*Herbert G. Friedgen* of counsel (*John A. Pateracki, Jr.,* with him on the brief; *Friedgen, Pateracki & Geiler,* attorneys), for appellant.

*Max Herschaft* for respondent.

*Per Curiam.* The extraordinary contract in suit involves an alleged oral promise made by the defendant to the plaintiff in August, 1943, during the course of a conversation on a train returning from Reno to New York. The defendant was a married man at the time, and the plaintiff a newly divorced woman. In substance, the defendant is said to have promised that if the

plaintiff would reject another suitor, the defendant would pay her a stipulated weekly sum "until you are remarried, which I hope will be soon and to me."

The parties had gone to Nevada together for the purpose of divorcing their respective spouses and with the intention of marrying each other. The plaintiff was successful in securing her divorce. Though he also had instituted an action, the defendant, however, failed to obtain a decree because of the alleged recalcitrance of his wife. The defendant is said to have assured the plaintiff that he would endeavor to procure his wife's consent to an appearance in the Nevada courts and complete his proceedings for a divorce so that the plans of the parties for marriage might be realized.

In a prior action on the contract the plaintiff recovered a judgment for $2,100 representing installments for the twenty-eight-week period from August 28, 1943, to February 24, 1944. This judgment was subsequently affirmed on appeal to this court (*Phillips* v. *Oltarsh,* 271 App. Div. 997). The present action has been brought for the weekly installments accrued during the period from February 24, 1944, to March 20, 1947. Upon the trial the prior judgment was held to be *res judicata* and a verdict directed for the plaintiff, upon which a judgment was entered in the total sum of $13,703.28. We deem that this procedure was erroneous and that the judgment may not stand.

Considering its language and the circumstances surrounding the making of the defendant's promise, we find that it was for the jury to determine the issues tendered by the present pleadings as to whether the contract was for the duration of the plaintiff's life, unless she remarried, or was merely intended to cover such period of time as might be considered necessary to remove the existing impediments to the marriage of the parties. No such issues were presented or necessarily decided in the earlier litigation.

The record of the earlier proceedings discloses that the questions presented were concerned with the making of the alleged contract and whether it violated the provisions of the Statute of Frauds or article 2-A of the Civil Practice Act.

The sole questions submitted to the jury on the trial resulting in the prior judgment in favor of the plaintiff were the making of the agreement and the plaintiff's performance of the act in return for which the defendant's promise was alleged to have been given. No question as to the term or duration of the payments to be made by the defendant was submitted to the jury at that time. The jurors were advised that if they resolved the

issues submitted to them in the plaintiff's favor, they should award her a verdict for the full amount claimed. The period of duration of the defendant's offer might have been incidentally discussed in connection with the argument made concerning the Statute of Frauds or upon the defendant's motions to dismiss or limit the damages, but no issue concerning the term of the offer was directly or necessarily presented or decided.

One of the basic rules of *res judicata* is that a prior judgment is not conclusive in a second action except when the same question was at issue in a former suit between the parties. The conclusive character of the former judgment extends only to the precise issues which were material and actually or necessarily determined (*Rudd* v. *Cornell,* 171 N. Y. 114). In other words, the former judgment is final only as to the facts actually litigated and decided, and the determination of which was necessary to a determination of the case.

It is our opinion that no issue as to the duration of the term of the defendant's offer, beyond February 24, 1944, was directly presented or necessarily decided in the prior action.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

GLENNON, J. P., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.