GREEN POINT SAVINGS BANK, Respondent, v. CENTRAL GARDENS UNIT No. 1, INC., Appellant, et al., Defendants.— 

 The two agreements are required to be read together. (*Nau* v. *Vulcan Rail & Constr. Co.,* 286 N. Y. 188, 197; *Palmer* v. *Palmer,* 150 N. Y. 139; *Newburger* v. *American Surety Co.,* 242 N. Y. 134; *Hicks* v. *British Amer. Assur. Co.,* 162 N. Y. 284.) As so read, it cannot be said that the appealing defendant was in default as a matter of law when the action was begun. The agreement does not expressly state that time is of the essence of the contract, and the complaint does not allege that plaintiff, prior to the action, had served a notice upon said defendant fixing a reasonable time within which to perform. (*Ballen* v. *Potter,* 251 N. Y. 224, 228; Restatement, Contracts, § 276, subd. [a]; 3 Corbin on Contracts, § 720; *Taylor* v. *Goelet,* 142 App. Div. 467, 469, affd. 208 N. Y. 253.) The contract must be viewed as a whole, and that interpretation is favored which will make every part thereof effective. (*Atwater & Co.* v. *Panama R. R. Co.,* 246 N. Y. 519, 524;

*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239; Restatement, Contracts, § 235, subd. [c], comment d; 3 Williston on Contracts, § 619.) As so viewed, the agreement herein is interpreted to mean that the closing could take place on a date later than March 1, 1951, as provided in paragraph 2 of the supplementary agreement. No date for the closing having been fixed by the contract, a reasonable time is implied for performance. (*City of New York* v. *New York Central R. R. Co.,* 275 N. Y. 287, 292; *Acreage Estates Co.* v. *Shelley,* 275 App. Div. 842, 843; 5 Williston on Contracts, § 1638.) What constitutes a reasonable time is a question of fact. (*Schmidt* v. *Reed,* 132 N. Y. 108; *Phillips* v. *Oltarsh,* 273 App. Div. 715, affd. 298 N. Y. 835.) Therefore, said defendant's denial of paragraphs 12 and 16 of the complaint, wherein it is alleged that it failed to perform " within the time provided therefor and such time has fully expired ", raises a triable issue which cannot be attacked by a motion under rule 112 of the Rules of Civil Practice. (*Town of Hempstead* v. *Listengart,* 274 App. Div. 899.) Hence, it was error to grant plaintiff's motion for judgment on the pleadings, and in the circumstances, it was an improvident exercise of discretion to deny said defendant's motion for leave to serve the proposed amended answer. (*Bendan Holding Corp.* v. *Rodner,* 245 App. Div. 723; Civ. Prac. Act, § 105; *Muller* v. *City of Philadelphia,* 113 App. Div. 92; 3 Carmody on New York Practice, § 988; *Delisa* v. *Arthur F. Schmidt, Inc.,* 262 App. Div. 960.) Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur. [See 280 App. Div. 789.]