ERNEST SCHULMAN, Appellant, v. ROYAL INDUSTRIAL BANK et al., Respondents.— Order modified insofar as to deny dismissal of the first cause of action. It is not clear from the complaint alone that some enduring obligation through the years was being undertaken by defendants and that the transaction or transactions contemplated could not be completed within the year. The impression gained from the complaint is that the parties were contracting in reference to an immediate and particular corporate need and some financial dealing to that point, rather than in reference to continuing transactions which might take place over a period of years, as in *Cohen* v. *Bartgis Bros. Co.* (246 App. Div. 260, affd. 289 N. Y. 846) and *Martocci* v. *Greater New York Brewery* (301 N. Y. 57). We think, therefore, that the applicability of the Statute of Frauds should not be determined on the face of the complaint. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.; Cohn, J., dissents and votes to affirm in all respects. Settle order on notice. [See *post*, p. 813.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE CANTOR, Appellant.— Judgment reversed, the information dismissed and the fine remitted upon the ground that the guilt of the defendant was not established beyond a reasonable doubt. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.; Callahan, J., dissents and votes to affirm.

■

BETTY SHULMAN, Appellant, v. ABRAHAM KAPLAN, Respondent.— In these filiation proceedings the mother and the child are nationals of the Dominion of Canada. They resided in Vancouver, B. C., and came into the State of New York on temporary visitors' visas to institute this proceeding, the defendant being a resident here. Under these circumstances the court had *no jurisdiction to enter-* tain the proceeding (*Feyler* v. *Mortimer,* 299 N. Y. 309). Order unanimously affirmed upon the ground indicated above. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

■

CLARA SVERD, Respondent, v. SAMUEL MOSTEL, Appellant.— Under the judgment appealed from, plaintiff is awarded not only the annual payments due up to the time of the commencement of this action, but also has been awarded amounts which, under the separation agreement, defendant was obliged to pay to the escrow agent. Plaintiff may recover in this action only amounts payable to her. This is not an action for specific performance and her rights to have payments made to the escrow agent are not before us. Judgment and order unanimously modified to the extent of granting plaintiff summary judgment in the amount of $5,268.74 and, as so modified, affirmed, without costs. Settle order on notice. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.