HOLLIS G. B. JONES, Appellant, *v.* EARL S. CRAWFORD et al., Respondents.

Fourth Department, May 1, 1957.

*William L. Broad* for appellant.

*N. Earle Evans, Jr.,* for respondents.

McCurn, P. J.   Edward S. Barlow at the time of his death on July 12, 1952 was the owner of all of the capital stock of the Barlow Advertising Agency, Inc.   After expressing the intention to provide security for his then wife and infant daughter in his last will and testament, he bequeathed 70% of the corporate stock to certain employees of the corporation subject to certain conditions of which the following are pertinent here. It was provided that each such person receiving such a bequest of stock shall:

" 1. As a stockholder, approve at a stockholders' meeting and if a director, approve at a directors' meeting, both of such meetings to be held promptly after the shares are distributed to such persons, a contract of employment of my wife, HOLLIS G. BARLOW, in an appropriate capacity by Barlow Advertising Agency, Inc. for the term of at least ten years at a salary of $7,500 a year and for such further term and at such salary therefor as may be agreed upon by the parties:

" 2. Simultaneously with the execution of such contract of employment with my said wife, execute and deliver to my said wife, HOLLIS G. BARLOW, his personal guarantee that her said salary of $7,500 a year for each of the ten years of her contract will be paid when and as due, the guarantee of each individual to be limited to the percentage of such amount due, annually, as the percentage the shares of stock which he receives under said Sub-paragraph d) is of the entire issued stock of Barlow Advertising Agency, Inc."

It was further provided in the will that if any such person so named as a legatee should fail or refuse to accept the shares bequeathed to him or having accepted such shares shall fail to fulfill all of the terms and conditions concerning the approval of the contract of employment and the giving of a guarantee of payment to his wife that the shares so bequeathed to such a person shall in that event be bequeathed to his executor to be disposed of by him in accordance with another provision of the will.

Subsequent to the probate of the will the widow, the plaintiff herein, the advertising agency and the legatees receiving the

bequests of stock under the will entered into two contracts designated as Exhibits " B " and " C " attached to the complaint. These contracts by their terms had to do with the settlement of the affairs of the parties in relation to the last will and testament of Mr. Barlow. They were both dated December 17, 1952 and the final verification of parties as to each instrument was on the 30th day of December, 1952. It was provided by the terms of Exhibit " C " that in lieu of the condition in the will that the new owners of the capital stock be required to give Hollis G. Barlow a personal guarantee as to her salary they agree in the event of liquidation, dissolution or cessation of the business of the agency that she shall be entitled to be paid from the assets, after general creditors but before stockholders, a reserve salary claim in the following amounts:

" On liquidation on or before August 1, 1953.......$50,000.00
" On liquidation on or before August 1, 1954.......$46,000.00
" On liquidation on or before August 1, 1955.......$42,000.00
" On liquidation on or before August 1, 1956.......$38,000.00
" On liquidation on or before August 1, 1957.......$34,000.00."

The agreement contained other modifications and alterations from the terms of the will but none having to do with the nature of the employment of Mrs. Barlow or in any way changing the condition of the will that she be employed in an " appropriate capacity ". The agreement contained a further provision that all of the parties accept and agree to be bound by all of the terms of the will except as specifically altered. Presumably on the same day and simultaneous with the making of this contract, the employment contract Exhibit " D " attached to the complaint was entered into. It recites that it is made *as of* the 1st day of August, 1952 but verified on the 30th day of December, 1952 the same date as the final verification of the contracts already mentioned. The parties are described as " Hollis G. Barlow widow of Edward S. Barlow deceased " and " Barlow Advertising Agency, Inc." It provides for the employment of Mrs. Barlow for a term of 10 years from August 1, 1952 through July 31, 1962 at a salary of $7,500 per year. It further provides: " (2) The duties of Hollis G. Barlow shall be such duties as may from time to time be assigned to her by the Board of Directors or Officers of Barlow Advertising Agency, Inc." The complaint alleges that although she was paid for a period of 14 months prior thereto no duties were assigned to Mrs. Barlow until October 7, 1953 about two and one-half months prior to her remarriage. She was then assigned part-time duties as librarian in the offices of the

agency at Syracuse and performed such duties until December 18, 1953. She married her present husband on December 20, 1953 and has since resided with him at Troy, New York, on account of which she was no longer able to perform the duties assigned to her at the agency's office in Syracuse. She contends that the so-called contract of employment is but a device to carry out the conditions attached to the bequest of the corporate stock in the will of her late husband and to provide security for herself and her infant daughter. She claims to be entitled to receive the sum of $7,500 per year whether or not she performs any services for the agency. She contends further that if she is obligated to perform any services for the agency that such services must relate to an employment in an "appropriate capacity" and that since her remarriage and change of residence assignment of duties at the offices of the agency in Syracuse creates an undue hardship and does not come within the purview of employment in an "appropriate capacity". The agency on the other hand contends that by failing since her remarriage to perform the services assigned to her at the offices in Syracuse she has forfeited any right to payment.

Plaintiff brought this action for a declaration of her rights and obligations in the premises. Defendants moved under rule 113 of the Rules of Civil Practice at Special Term for a declaration in favor of the defendants. The defendants' motion was granted and this appeal is from the order and judgment entered thereon.

It was held at Special Term that the rights of the parties are governed by the terms of the employment contract alone without reference to the other instruments. We conclude that this was error. The three contracts, Exhibits "B", "C", and "D" attached to the complaint have to do with the settlement of the affairs of the parties in relation to the last will and testament of Mr. Barlow. They are all parts of the same transaction. They are contemporaneous instruments relating to the same subject matter and should be read together with the will as one instrument (*Nau* v. *Vulcan Rail & Constr. Co.,* 286 N. Y. 188, 197; *Benedict* v. *Cowden,* 49 N. Y. 396, 401; *Cooke* v. *Cooke,* 2 A D 2d 128, 134; *Green Point Sav. Bank* v. *Central Gardens Unit No. 1,* 279 App. Div. 1078; *Salinas* v. *Salinas,* 187 Misc. 509, 513; *Matter of Campbell,* 164 Misc. 640, 642; *Matter of Brooklyn Trust Co.* [*A. N. Constr. Corp.*], 163 Misc. 117, 121; 17 C. J. S., Contracts, § 248; Restatement, Contracts, § 235, subd. [c]). Reading the will and the three contracts together it is clear that the directors and officers of the .

Barlow Advertising Agency, Inc., may assign to plaintiff only such duties as arise out of an employment in an " appropriate capacity ". The instruments read together present an ambiguity as to the intent and meaning of employment " in an appropriate capacity ". Questions of fact are involved and the rights of the parties must be resolved upon a trial.

The order and judgment appealed from should be reversed and the motion denied.

VAUGHAN, J. (dissenting). I dissent and vote for affirmance.

This is an action brought by the widow of Edward S. Barlow for a declaration judgment declaring her rights under paragraph Fourth of her husband's will and the supplemental agreement of employment voluntarily entered into as provided for by the terms of said will.

We first turn to the language of the will to ascertain the intention of the testator as regards his widow and infant daughter. Paragraph Second of the will states that the provisions thereafter made in his will are " based upon my desire to provide security for my present wife, Hollis G. Barlow, and our daughter, Holly." How was such security to be afforded? The language is clear that those who were to take over and operate his advertising agency enter into a written contract with his widow for her employment in some " appropriate capacity" with the Barlow Advertising Agency for a term of 10 years at an annual salary of $7,500.

A written contract of employment covering such duties as may from time to time be assigned her by the board of directors or officers of the Barlow Advertising Agency, Inc., for the time and salary specified was thereafter entered into with plaintiff. The duties assigned her were those of librarian; they were not arduous; they did not require her full time or require that she report for work at any stated hour. It is apparent that the contract fully met the requirements of the will that his widow be employed in an "appropriate capacity". The difficulty is that plaintiff, of her own volition, possibly aided and abetted by the wishes and desires of her present husband, abandoned her position as librarian, remarried and moved to Troy, New York, where she now resides. It is her contention that the defendant should continue to furnish her with work in an "appropriate capacity" to be performed by her at Troy, New York, or to state it more bluntly, plaintiff seeks a pension of $7,500 per year. Such, in my opinion, was not the intention of the testator. There can be no question but that it was the intention of the testator to provide financial security for his widow by requiring that she be employed in an

appropriate capacity by the corporation that bore his name but I find no language indicating or supporting any intention that the business was to carry her as a pensioner—certainly not under the changed circumstances brought about by her remarriage and leaving Syracuse where the Barlow Advertising Agency had its home office and place of business.

All concur, except VAUGHAN, J., who dissents and votes for affirmance, in an opinion. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and GOLDMAN, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with $10 costs.