Matthew M. Levy, J.
This is a motion by the defendant Grey for an order pursuant to rule 112 of the Buies of Civil Practice, for judgment on the pleadings (consisting of complaint, answer and plaintiff’s bill of particulars), dismissing the complaint.
The plaintiff is a real estate and mortgage broker. It is alleged in the complaint that the defendants sought to acquire title to and to develop certain premises constituting three and one-quarter acres, more or less, located in the County of Westchester, Town of Eastchester, adjacent to land utilized by the Lord & Taylor department store owned by Associated Dry Goods Corporation, owner of the land in question, in order to erect a large-scale shopping center on the premises and to lease space therein to prime commercial tenants. The plaintiff was engaged by the defendants, and given the exclusive right, to negotiate for the defendants the purchase of and acquisition of title to the premises. The defendants agreed that, upon such purchase, they would arrange for Associated to pay compensation to the plaintiff in connection therewith and that, upon acquisition of title, the defendants would designate the plaintiff as the defendants’ exclusive agent to negotiate and arrange all commercial leases to be made by the defendants with tenants for the shopping center, the plaintiff to be compensated by the defendants therefor. The defendants agreed, further, to grant to the plaintiff the exclusive agency to negotiate and to procure for the defendants a commitment from an institutional lender for a conventional permanent mortgage loan to be secured by a first mortgage upon the premises, for which the plaintiff would receive a stated compensation.
*1063 At the time of making such agreement, the defendants advised the plaintiff that they had unsuccessfully negotiated with Associated through another broker for approximately a period of three years, the authority of which broker the defendants had terminated in order to enable the defendants to enter into and carry out their agreement with the plaintiff. At such time, the plaintiff recommended to the defendants, and they authorized the plaintiff as part of the proposed purchase from Associated, to propose to the latter that the defendants would agree with the type of construction of buildings and the occupancy thereof to be acceptable to Associated and that other provisions mutually agreeable to Associated and the defendants be developed so as to assure Associated that the premises adjacent to the tract utilized by the Lord & Taylor department store would be improved as desired by Associated, thereby removing probable obstacles or objections to the proposed sale.
The contract is single and entire, but appears to envisage three categories of performance and compensation: (a) negotiation of the purchase, (b) negotiation of the leases, and (c) negotiation of the financing. The rates at which the plaintiff was to be compensated by the defendants for such performance were set out in the oral agreement: (a) 5% of the first $100,000 of the purchase price and 2%% of the balance; (b) the standard rates of the real estate board of Westchester County for the leases; and (c) 1% of the gross loan, to be at least $2,500,000, for the mortgage financing.
Subsequent to this agreement, the plaintiff embarked upon various negotiations with the owner of the property and, pursuant to its authority to act for the defendants, the plaintiff offered $325,000 therefor, the highest offer authorized by the defendants. Notwithstanding that although the defendants stated to the plaintiff that they had been engaged in unsuccessful negotiations for its purchase for several years hitherto, through another broker who was now no longer to be employed by the defendants for this purpose, the plaintiff learned from the seller, some four months later, that this other broker had offered on behalf of the defendants a higher price for the property than the plaintiff had been authorized to offer, notwithstanding the contract making the plaintiff the exclusive broker for the sale, and notwithstanding that the price offered exceeded the highest price authorized by the defendants to the plaintiff.
Thereafter, the defendants consummated the purchase of the property through the other broker, paying $360,000 for the property ($100,000 in cash, balance of $260,000 in form of a mort *1064 gage), in contrast with the $325,000 ($125,000 cash, balance by way of mortgage) which the plaintiff had been authorized to offer. The sale agreement contained a clause indemnifying the seller against any claims for brokerage commissions. It also contained certain covenants concerning the type and character of the buildings to be constructed, the use of the property, and the submission of proposed tenancies for approval, which covenants embodied ideas developed by the plaintiff, with the defendants’ approval, in the course of the plaintiff’s negotiations and which opened the way for the sale. It is charged in the complaint that, when the defendants stated to the plaintiff that the authority of the other broker had been terminated, such representation was false and that the employment of the plaintiff was planned and intended by the defendants to appropriate and to take advantage of the plaintiff’s labor and ideas and to freeze the plaintiff out as broker.
The plaintiff seeks the sum of $146,500 with interest as the damages which it has suffered because of the defendants ’ alleged breach. The damages are specified as follows: (a) $11,500 which the plaintiff would have earned at the applicable rates had it been permitted to consummate the sale; (b) $110,000 which the plaintiff would have earned at the applicable rates had it been permitted to negotiate the leases, which allegedly would have produced gross annual rentals of at least $250,000; and (c) $25,000 which the plaintiff would have earned from negotiating the mortgage financing.
The moving defendant’s application for judgment dismissing the complaint is grounded on the propositions that (1) the contract was terminable at will since no definite duration was specified by its terms, and therefore the defendants could terminate the plaintiff’s employment whenever they wished, without becoming obligated to the plaintiff in any way; (2) the contract was void under the Statute of Frauds because oral and not to be performed within one year, a defense pleaded in the answer; and (3) the contract was void because too vague and indefinite to be enforced, as the terms of sale, leasing and financing were not spelled out and no obligation from defendant buyer to plaintiff broker could arise until they were specified and there was exact acceptance by the defendants of the terms worked out by the plaintiff.
The defendants deny all of the plaintiff’s allegations other than that they had in fact acquired the property. But, on a motion such as this, I must take all of the factual allegations of the complaint as true (Abrams v. Allen, 297 N. Y. 52, 56). When a defendant so moves, the defenses are deemed controverted, *1065 and only the legal sufficiency of the complaint, as amplified by the bill of particulars, is to be considered (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87-88; Lefler v. Clark, 247 App. Div. 402, 404), And, in construing the complaint, the court must 1 ‘ not only assume it to be true, but construe it liberally, invoke every inference in its favor, make all reasonable inferences to support it, and interpret it if possible so as to sustain the cause of action ” (Harrison v. Winchell, 207 Misc. 275, 278).
(1) As to the moving defendant’s contention that, since the period of the plaintiff’s employment was not specified, therefore it was an employment at will, legally terminable at any time by the defendants.
It is my view that, while there was no specified term, the agreement, as alleged, is not one at will, but for a particular undertaking, imposing on the defendants the obligation without frustration by them to afford to the plaintiff a reasonable time to perform.
The moving defendant cites several cases where the courts have held that an employment without a definite term is one at will (Watson v. Gugino, 204 N. Y. 535; Bailey v. S. S. Stafford, Inc., 178 App. Div. 811; Conrad v. Golden, 275 App. Div. 946). But these decisions are to be distinguished from the case at bar. The movant’s authorities involve agreements for continuing, on-going master-servant employment relationships, to last indefinitely, as contrasted with contracts to do a relatively specific act or set of acts. As pointed out in Green Point Sav. Bank v. Central Gardens Unit No. 1 (279 App. Div. 1078, motions for reargument and for leave to appeal denied 280 App. Div. 789), which reversed Special Term’s granting of a motion for judgment on the pleadings for defendant’s default on a contract to finance a mortgage, the court held that the contract did not specify the time in which this had to be done and therefore the question of whether defendant was yet in default for his failure was one for the trial tribunal. In the absence of a specified date of termination of a contract, the courts have implied a reasonable duration, and, from the. point of view of pleading, the instant case falls into the latter category (Mitler v. Friedeberg, 32 Misc 2d 78, 85; Trainor Co. v. Amsinck & Co., 236 N. Y. 392, 394).
In any case, whether the contract imported a reasonable time for performance or was terminable at will and, if the former, what is a reasonable time, are questions of fact which bar a judgment on the basis of the pleadings alone. (Schmidt v. Reed, 132 N. Y. 108; Phillips v. Oltarsh, 273 App. Div. 715, affd. 298 N. Y. 835). Moreover, even if the contract were terminable at-will, the defendant was obligated to give reasonable notice of *1066 termination (see, e.g., Bailey v. S. S. Stafford, Inc., 178 App. Div. 811, 815, supra, cited by the deféndants in support of the proposition that a hiring for no definite period is at will, but which goes on to say that such a contract is terminable at the will of either party upon giving reasonable notice to the other). The plaintiff alleges that the defendants have failed to give such notice and hence have failed to terminate effectively. This also raises what is clearly an issue of fact, which can be resolved only at trial. In any event, whether there was a valid termination by the defendants is a matter of defense, particularly since the plaintiff alleges no termination save by the claimed fraud of the defendants. Williams & Co. v. Collins Tuttle & Co. (6 A D 2d 302, motions for leave to appeal denied 6 A D 2d 1006, 5 N Y 2d 710) is in point. In that case, the plaintiff sought to recover commissions on a brokerage contract terminable at will. Reversing Special Term’s dismissal of the relevant cause of action, the court held that the principal’s right of discharge could not be exercisable without liability if termination was effected through fraud or Illegal design. In the instant case, the plaintiff alleges that the fraudulent scheme consisted of the defendants’ attempt to freeze the plaintiff out after appropriating its ideas and negotiating activities and abilities. In the Williams case (supra) the court said that, to be able to reach the trial stage (which was the issue before the court there, as here), it would be “ a distortion of the rule to require that the negotiations for the prospective contract reach the conclusive stage ” (p. 306). It was there held that, for a broker to state a cause of action sufficient to avoid dismissal, he is not required to establish that he would inevitably have been successful but for the wrongful acts of the defendant.
(2) As to the moving defendant’s contention that the contract is void under the Statute of Frauds because oral and not to be performed within one year.
A motion under rule 112 of the Rules of Civil Practice, grounded on the plea of the Statute of Frauds, should be denied where the pleadings present an issue as to whether the agreement may be performed within one year (Harman v. Spiegel, 1 A D 2d 821). The present agreement, as alleged, could have been performed fully within a year. The agreement to procure a purchaser, the commitment for a mortgage and tenants, of the buildings to be constructed is one which may be performable within a year, and whether it can be should be left to trial.
(3) As to the moving defendant’s contention that the agreement was too vague and indefinite to be enforced, citing cases (Globus Realty Corp. v. Fleetwood Terrace, 275 App. Div. 34, *1067 affd. 301 N. Y. 783; Matter of Altz v. Krimont, 274 App. Div. 894, affd. 300 N. Y. 607; Meyer & Steffens v. Claflin Realty Corp., 255 App. Div. 565).
In nay view, the agreement between the plaintiff and the defendants, as alleged, is neither vague nor indefinite in any respect. The contract is not void because the terms whereby the plaintiff would earn its commissions were not spelled out but depended upon agreement between the defendants and the respective third parties. If the terms to be agreed upon never became definite because of the defendants’ initially wrongful action in breaching the contract, the defendants cannot plead lack of definiteness as a defense. The plaintiff relies here, quite properly, upon Williams & Co. v. Collins Tuttle & Co. (6 A D 2d 302, 310, supra), where the court said: “ First, it was the defendants * * * who activated plaintiff in its endeavors to find a tenant and effectuate a lease. Implied in such solicitation is the condition that they will not intentionally interfere with plaintiff’s efforts. In other words, good faith is always implied in such an undertaking (cf. Patterson v. Meyerhofer, 204 N. Y. 96, 101; Wood v. Duff-Gordon, 222 N. Y. 88, 90-91). Thus, it is true that * * * [defendants] could have discharged the «= » * [plaintiff] at any time, or used another broker, provided they did so without dishonest or illegitimate purpose. But when they discharge it, use another broker, or seek to bring about the termination of its activities, by fraud or by illegal design * * * liability may attach.” The defendants were duty-bound to act in good faith towards the plaintiff in the working out of such agreement and they cannot raise the defense of vagueness of terms when they themselves were responsible for this vagueness by in effect discharging the plaintiff before it had had a chance to work out the terms, thereby violating the obligation of the defendants to deal in good faith with the plaintiff.
The movant has sought to divide the contract into three ‘1 phases ’ ’ and has urged each of the foregoing arguments as a basis for judgment on the pleadings as to each phase. However, as I read the complaint, the defendants entered into one agreement with the plaintiff, under which the plaintiff was employed as the defendants’ exclusive broker and agent to negotiate for the defendants the purchase of certain property, the mortgage financing necessary to erect a shopping center thereon, and the leasing of space to future tenants in the shopping center to be established on the property. The three “ phases ” are in reality only three items of damage arising out of a single contract and *1068 are so bound up in performance that judgment may not be entered on the pleadings as to certain items of damages while leaving the remainder for trial (see Luotto v. Field, 294 N. Y. 460, 464).
The plaintiff does not plead three causes of action, but only one, founded upon a single contract which contained three items of damages. The plaintiff resists the defendants’ contention that the court can, on a motion for judgment on the pleadings, deal with less than the totality of the plaintiff’s claim (cf., in respect of a motion for summary judgment, Lindner v. Eichel, 34 Misc 2d 840). However, even if the three phases be in fact severable causes of action, and even though proof of damages will be more difficult for the plaintiff as to some than as to others (since the plaintiff was not equally advanced in its negotiations as to all three phases), nevertheless, as already indicated, the plaintiff should not be precluded, by a judgment on the pleadings as to any of these phases, from all opportunity to prove the damages which it has pleaded.
Finally, the plaintiff urges that, should the court find no enforcible contract, the plaintiff may still recover in quantum meruit for the reasonable value of the services which it rendered to the defendants — in developing the contracts and covenants, in making proposals to the prospective seller as to various limitations and restrictions upon the use of the property, the type of building to be constructed thereon and the nature of the businesses of the future tenants and in other work done — and that this possible right of recovery bars a motion for judgment on the pleadings. The movant has not controverted this argument of the plaintiff.
“ It is the settled law that where the complaint pleads a special contract which the plaintiff fails to establish on trial, the plaintiff is entitled in the same action to recover upon a quantum meruit if he has in fact rendered services.” (Grattan v. Societa Per Azzioni Cotonificio Cantoni, 2 Misc 2d 861, 868, citing cases.) Indeed, it does not even appear to be necessary — however appropriate and desirable — to plead a cause of action in quantum meruit if one on an express contract is alleged. For, as pointed out in Rodger v. Emigrant Ind. Sav. Bank (258 App. Div. 614, 615), while it “ has been the practice long established to plead in one count both the agreed compensation and the reasonable value of the services rendered, * * * recovery on the latter theory has been permitted even where only the agreed remuneration has been pleaded ’ ’. (See, also, Lockhart v. Hamlin, 190 N. Y. 132, 137; Baumann v. Manhattan Consumers’ Brewing Co., 97 App. Div. 470.)
*1069 I conclude, therefore, that the moving defendant’s motion for judgment on the pleadings dismissing the complaint should be denied because of his failure to establish the total legal insufficiency or invalidity thereof and the corollary inability of the plaintiff to recover upon any theory.