■ FRANK ROBERTS et al., a Copartnership Doing Business under the Name of ROBERTS-DIETZE ASSOCIATES, Respondents-Appellants, v. GRANDVIEW DAIRY, INC., Appellant-Respondent, and CHARLES COCSIOPPO et al., Respondents. — In an action to recover damages arising out of the breach of an oral contract, in which the complaint pleads four separate causes, the plaintiff and the defendant Grandview Dairy, Inc. cross-appeal as follows from an order of the Supreme Court, Westchester County, dated March 22, 1963, which granted in part and denied in part the defendants' motion, made pursuant to rules 106 and 107 of the former Rules of Civil Practice, to dismiss the several causes of action pleaded in the complaint: (1) The plaintiff appeals from so much of the order as granted the motion to dismiss the second and fourth causes of action and directed the entry of judgment accordingly. (2) The defendant Grandview Dairy, Inc., appeals from so much of the order as denied the motion to dismiss the first and third causes of action. Order modified as follows: (1) by striking out so much of its first and second decretal paragraphs as granted the motion to the extent of dismissing the second cause of action, and as directed the entry of judgment thereon; (2) by substituting therefor a provision denying the motion to dismiss such second cause of action; (3) by adding a provision granting leave to defendant Grandview, if so advised, to plead the Statute of Frauds as a defense in its answer; and (4) by adding a further provision severing the action as to the individual defendants. As so modified, order, insofar as appealed from, affirmed, without costs. The time of the defendant Grandview to serve its answer is extended until 20 days after entry of the order hereon. The first cause of action is based upon an oral agreement between plaintiffs and defendant Grandview whereby plaintiffs were to receive $3,000 for each restaurant in a named chain obtained by plaintiffs as a customer for Grandview's dairy products. The second cause of action is based upon a similar agreement with respect to "additional outlets" in the restaurant chain obtained as customers. The third cause of action is based upon *quantum meruit* for the same services and also incorporates by reference the allegations of the first two causes of action. The fourth cause of action, pleaded against Grandview and the individual defendants, who are its officers or agents, alleges a conspiracy among the defendants to induce the breach by Grandview of the said contracts with plaintiffs. Defendants moved to dismiss the first, second and fourth causes of action, pursuant to rule 107 of the former Rules of Civil Practice, on the ground that the agreements upon which those causes of action were founded, were unenforcible under the provisions of the Statute of Frauds. They moved to dismiss the third and fourth causes of action, pursuant to rule 106 of such former rules, on the ground that neither of such causes of action stated facts sufficient to constitute a cause of action. The motion was granted to the extent of dismissing the second and fourth causes of action only. In our opinion, the agreement pleaded in the first cause of action, relating to existing outlets in the restaurant chain, was one which, by its terms, was capable of performance within one year (cf. *Nat Nal Serv. Stations* v. *Wolf*, 304 N. Y. 332, 335).

We are also of the opinion, however, that the applicability of the Statute of Frauds to the agreement alleged in the second cause of action, relating to "additional outlets" in the restaurant chain, should not be determined on the face of the complaint. It is not clear from the complaint whether that agreement is unenforcible under the doctrine of cases such as *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260, affd. 289 N. Y. 846) and *Zupan* v. *Blumberg* (2 N Y 2d 547), or whether it is without the Statute of Frauds under the rationale of *Nat Nal Serv. Stations* v. *Wolf* (304 N. Y. 332, *supra*). Nor may it be determined from the face of the complaint whether the agreements alleged in the first two causes of action are in fact a single, indivisible contract unenforcible under the Statute of Frauds (cf. *De Beerski* v. *Paige*, 36 N. Y. 537; *Markey* v. *Kelly*, 10 A D 2d 650). Under such circumstances, the determination of those questions should await the development of the facts at the trial. (cf. *Schulman* v. *Royal Ind. Bank*, 281 App. Div. 674; *Garlick Parkside Mem. Chapels* v. *Mowry Buick*, 11 A D 2d 708). The third cause of action, in *quantum meruit*, is not fatally defective because of the reference therein to the oral agreements pleaded in the first and second causes of action. It is not improper to plead in one count both the agreed compensation for services rendered and the reasonable value of such services (*Rodger* v. *Emigrant Ind. Sav. Bank*, 258 App. Div. 614, 615; cf. *Smith* v. *Kirkpatrick*, 305 N. Y. 66, 73). Since it does not appear that the Statute of Frauds renders unenforcible the oral agreements, it may not be said that said third cause of action as pleaded is deficient or that it comes within the purview of those cases which hold that a cause of action in *quantum meruit* is insufficient if it pleads and relies upon an agreement unenforcible by reason of the Statute of Frauds (*Elsfelder* v. *Cournand*, 270 App. Div. 162; *Potter* v. *Emerol Mfg. Co.*, 275 App. Div. 265). In any event, the technical objection to the third cause of action may be disregarded under the provisions of the Civil Practice Law and Rules (104, 3013, 3026), which may be applied here even though the present pleading was served prior to the effective date of that statute (cf. CPLR 10003; *Grant Co.* v. *Uneeda Doll Co.*, 19 A D 2d 361). The fourth cause of action was properly dismissed (cf. *Miller* v. *Vanderlip*, 285 N. Y. 116; *Bereswill* v. *Yablon*, 6 N Y 2d 301, 306; *Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317, 321; *Matter of Brookside Mills* [*Raybrook Textile Corp.*], 276 App. Div. 357, 367). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.