Burke, J. (dissenting).
The appellant entered into a contract with the petitioner under which he was to be employed for a term of two years, unless the contract were terminated sooner according to its terms. The employment contract was executed by the parties on June 3,1965 and, under the heading “ Compensation,” provided as follows:
“ (a) Salary at the rate of Twenty Five Thousand Dollars ($25,000) per year, payable monthly, for the period, subject to such increases as may from time to time be mutually agreed upon.
“ (b) Such awards, if any, under the Bonus Plan or Plans of ITT as may from time to time be determined by the Bonus and Stock Option Committee of ITT.
“ (c) Such awards, if any, under the ITT-Avis Stock Purchase Plan as may from time to time be determined by the committee of the Board of Directors of subsidiary administering such Plan of Subsidiary. ”
The contract further provided that it was to terminate at the end of the period set forth in it but that, if the employment of the appellant were continued after the end of such period without further written agreement, the services were not to be for any fixed period; such services would continue on a month-to-month basis at the rate of compensation then in effect until terminated by either party on one month’s notice to the other party. The contract contained the following provision relating to disputes: “7. Abbitbation—Any controversy concerning a question of fact arising under this agreement shall be determined by arbitration in accordance with the rules then in effect of the american arbitration assooiation. ’ ’ On the same day, appellant and ITT, the parent of petitioner ITT-Avis, executed a form ‘ ‘ Option Agreement ’ ’ under which the appellant became entitled “as a matter of separate inducement and agreement in connection with his employment and not in lieu of salary or other compensation for his services ”, to purchase at a specified price 1,500 units of ITT stock. The agreement set forth a schedule for the exercise of the option: 600 units at any time; 300 units at any time on or after October 4, 1965 ; 300 units at any time on or after October 4, 1966; and 30Ó units at any time on or after October 4, 1967 (in each case not later than the expiration *575 date of the option, October 3, 1972). In addition, this option agreement provided that “ [e]xcept as provided in paragraph 4 hereof, this option may not be exercised at any time unless Employee is then a regular employee of ITT or a subsidiary of ITT. ’ ’ Paragraph 4, in turn, provided that “ [i]f Employee’s employment with ITT or a subsidiary of ITT is terminated by ITT or such subsidiary, or is terminated by Employee with the written approval of ITT or such subsidiary, this option may be exercised within three months after such termination of employment, but in no event later than the expiration date provided in Section 2 hereof.” On June 23, 1967, petitioner’s president sent a written notice to the appellant that his employment was being terminated as of September 30, 1967.
After the termination of his employment with the petitioner, appellant served a demand for arbitration of his claims for the moving expenses allegedly due him, for specific performance of the last 300 units of ITT stock remaining under the terms of the option agreement and for the bonus he asserted was due him for the last year of his employment by petitioner. Petitioner moved at Special Term to stay the arbitration upon the ground that none of the items sought to be arbitrated constituted “ questions of fact arising under the [employment] agreement ”. Petitioner contended that the claims as to moving expenses were the result of an agreement entered into in October, 1967, after the termination of the employment agreement and could not, therefore, raise any issue of fact under that agreement; that the claim as to the remaining units of the option did not raise such an issue since, according to its terms, appellant, at the time of exercise, had to be a regular employee of ITT or a subsidiary and appellant’s employment had already terminated; and that the claim relating to a bonus raised no issue under the employment agreement since the granting of a bonus was in the sole discretion of the petitioner. Special Term granted the stay of arbitration essentially upon the grounds asserted by the peti- ■ tioner and the Appellate Division has affirmed that determination with one Justice dissenting.
The order of the Appellate Division should be modified and the stay of arbitration vacated as to appellant’s claim relating to the unexercised portion of the option. The employment contract and the stock option agreement were concededly executed on the same day and were manifestly part of one and the same transaction. Petitioner relies heavily upon the fact that the
*576 option agreement itself contains no provision for the arbitration of any disputes relating to it and contends that decisional law establishes the proposition that a party may not be compelled to arbitrate a dispute unless he has clearly consented to do so. That proposition is undoubtedly correct, but it must also be applied in connection with, and as affected by, the equally well-established proposition that instruments which have been executed at substantially the same time, which are related to the same subject matter and which, by means of internal reference, are clearly related, must be read together in order to divine the true intent of the parties to the instruments. (Ripley v. International Rys. of Cent. Amer., 8 N Y 2d 430, 438; Nau v. Vulcan Rail & Constr. Co., 286 N. Y. 188, 197; Durst v. Abrash, 22 A D 2d 39, 43, affd. on App. Div. opn. 17 N Y 2d 445; Green Point Sav. Bank v. Central Gardens, 279 App. Div. 1078; Restatement, Contracts, § 235, subd. [c]; 10 N. Y. Jur., Contracts, § 213.) Reading the employment contract and the option agreement together, it is clear that the petitioner consented to arbitrate “ issues of fact ” arising under the employment agreement and the option agreement, which were executed simultaneously and which contain internal references to each other. The employment agreement specifically refers to stock options under the heading of "Compensation ” and the option agreement itself refers to the option as being granted “as a matter of separate inducement and agreement in connection with [appellant’s] employment ”, which employment was offered and accepted by means of the simultaneously executed employment agreement. So read in the context of their execution, these two documents are not separate, distinct and unrelated as the petitioner would have it, but rather they are two transaetionally integrated pieces of a single larger agreement having as its purpose the securing of appellant’s employment by the petitioner. It would be unrealistic and contrary to the very nature of the transaction between the parties to place controlling reliance upon the mere fact that the option agreement does not itself contain a separate provision for the resolution of disputes (see Matter of American Bosch Arma Corp. [Stewart], 15 N Y 2d 840). As to whether the appellant has raised an ‘ ‘ issue of fact under the employment agreement ’ ’ with respect to the option, it is important to recognize that the function of the courts on an issue such as this is that of determining whether an arbitrable dispute exists and *577 not whether a clearly presented dispute has or does not have merit (CPLR 7501; cf. Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 297 N. Y. 519). Special Term, in the present case, actually decided on the merits of the option claim when it concluded that appellant was not entitled to exercise his rights as to the remaining units because employment at the time of exercise was a condition to that right and appellant’s employment had been terminated prior to the beginning date of the relevant option period. That conclusion ignores completely the portion of that same option agreement which provides that, in case of termination, the option could be exercised within three months of the termination of the employment. The question of appellant’s right to exercise the remaining portion of the option, in light of the apparently conflicting provisions as to the applicable time periods, rather clearly raises an issue of fact under the employment agreement pursuant to which the option agreement was executed. Appellant is, accordingly, entitled to arbitrate that claim and the stay of arbitration as to that claim was erroneously granted.
Judges Scileppi and Bergan concur; Judges Breitel and Jasen concur in a separate memorandum; Judge Burke dissents and votes to modify in a separate opinion in which Chief Judge Fuld and Judge Gibson concur.
Order affirmed, without costs, in a memorandum.