Joseph TENENBAUM, Trustee in Bankruptcy of the Estate of United States Overseas Airlines, Inc., Canamex Corporation, Ocean Air Tradeways, a co-partnership, Ralph Cox, Jr. and C & J Airplane Leasing Co., a co-partnership, Plaintiffs,

v.

WALTER E. HELLER & COMPANY, Inc., Defendant.

No. 69 Civ. 4300.

United States District Court
S. D. New York.

Jan. 12, 1970.

**1086**

Friedman & Friedman, New York City, for plaintiffs; Hyman R. Friedman, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant; Herbert M. Wachtell, Peter D. McKenna, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiffs move to remand this action to the New York Supreme Court from which it was removed by the defendant.[1]

The complaint sets forth five separate causes of action by five separate plaintiffs against the same defendant. In broad outline, four of these separate causes of action are based upon allegations that the defendant, which had loaned United States Overseas Airlines, Inc. (hereafter USOA) $1,700,000, secured by guarantees and chattel mortgages upon property owned by one or more of the plaintiffs, improperly converted the collateralized property to the respective plaintiffs' damages, aggregating almost $14,000,000. The remaining cause of action, the fourth, is by a plaintiff who charges the defendant with conversion of certain of his property not pledged as collateral.

The defendant is a Delaware corporation. USOA, the borrower of the $1,700,000 and the primary obligor, was also a Delaware corporation. USOA was declared a bankrupt and the first cause of action was brought on its behalf by its trustee. In all the remaining causes of action diversity of citizenship exists between plaintiffs and the defendant and, except for the fourth, the jurisdictional amount requirement is met. We shall consider separately the plaintiffs' motion to remand with respect to each cause of action.

## THE FIRST CAUSE OF ACTION

The removal statute permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction * * *."[2] There is no diversity of citizenship between USOA and the defendant. The defendant removed the suit to this court upon the allegation that section 23 of the Bankruptcy Act confers original jurisdiction of an action by a trustee in bankruptcy against an adverse claimant where the defendant consents to such jurisdiction. Section 23 provides:[3]

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67 and 70 of this Act."

In its petition for removal the defendant expressly consented to federal district court jurisdiction.

 The plaintiffs, in support of the motion to remand, urge that defendant's consent relates only to venue and not jurisdiction. However, this contention was long ago expressly rejected by the Supreme Court, which held that section 23(b) vests a federal district court with jurisdiction to entertain an action of this type, conditioned upon a defendant's consent, even though no independent basis of

---

1. *See* 28 U.S.C. §§ 1441, 1446–1447 (1964).

2. 28 U.S.C. § 1441(a) (1964).

3. 11 U.S.C. § 46 (1964).

jurisdiction, such as diversity of citizenship and jurisdictional amount, exists.[4]

■ The plaintiffs further seek to restrict section 23(b) upon a claim that, in addition to the defendant's consent, that of the trustee also is required to confer jurisdiction, and since he declined such consent by commencing the action in the state court and resisting removal, the suit must be remanded. Plaintiffs' argument appears to be that although section 23(b) refers only to the consent of the defendant, the trustee's consent is implied in the context of that section, which governs suits *by* the trustee and thus necessarily requires that he be the first to choose a federal forum. The only court which has thus far considered the precise issue supports this view.[5] This Court is constrained to disagree. No language in section 23(b), or for that matter in any other law conferring jurisdiction on district courts, even remotely suggests that a trustee's consent is a sine qua non of jurisdiction. The Supreme Court has stated unequivocally "that in § 23 Congress * * * exercised its bankruptcy powers to confer upon federal courts jurisdiction conditioned upon a defendant's consent and that, given consent, no independent ground for federal jurisdiction [is] required." [6]

■ Nor is there any historical or legislative basis for reading this additional requirement into section 23(b). Indeed, the legislative history looks the other way. The Congressional debates

which preceded the enactment of the Bankruptcy Act of 1898 show that the purpose of section 23(b) was to limit the jurisdiction which the federal courts had exercised concurrently with state courts of plenary suits brought by trustees in bankruptcy against adverse claimants.[7] This concurrent federal court jurisdiction had been invoked under the broad provisions of the Bakruptcy Act of 1867. The debates preceding passage of the 1898 Act make it abundantly clear that Congress was concerned that the common practice of trustees bringing their plenary suits in the federal courts under the 1867 Act had imposed great inconvenience and hardship upon adverse claimants, who frequently were far removed from the site of the federal courthouse.[8] It was the trustee seeking the haven of the federal courts who subjected the adverse claimant and his witnesses to inconvenience and hardship, and it was to protect the latter, not the trustee, against such hardship that Congress restricted federal jurisdiction. However, the debates also show that it was recognized there were instances where an adverse claimant might not object to—indeed would welcome—federal court jurisdiction.[9] Accordingly, section 23(b) as enacted authorized plenary suits by trustees against adverse claimants only in those courts where the bankrupt might have brought them, usually state courts, but an exception was made in favor of the adverse claimant who consented to federal jurisdiction. The limitation was

4. Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934); *see* Williams v. Austrian, 331 U.S. 642, 652–654, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947).

5. *See* Whitman v. Chicago & N. W. Ry., 70 F.Supp. 9 (D.Minn.1947).

6. Williams v. Austrian, 331 U.S. 642, 652–653, 67 S.Ct. 1443, 1448 (1947); *see* Schumacher v. Beeler, 293 U.S. 367, 371–377, 55 S.Ct. 230 (1934).

7. *See* Williams v. Austrian, 331 U.S. 642, 649, 67 S.Ct. 1443 (1947); *id.* at 662–671 (Frankfurter, J., dissenting); Schu-

macher v. Beeler, 293 U.S. 367, 374, 55 S.Ct. 230 (1934); Bardes v. Hawarden Bank, 178 U.S. 524, 532–538, 20 S.Ct. 1000, 44 L.Ed. 1175 (1900).

8. *See, e. g.,* 30 Cong.Rec. 601–02 (1897) (Remarks of Sen. Lindsay); *id.* at 696–97 (Remarks of Sen. Lindsay); 31 Cong. Rec. 1785 (1898) (Remarks of Rep. Henderson); *cf.* 30 Cong.Rec. 604 (1897); 31 Cong.Rec. 1892 (1898). *See also* Eyster v. Gaff, 91 U.S. 521, 525, 23 L.Ed. 403 (1875).

9. *See, e. g.,* 30 Cong.Rec. 601–02 (1897) (Remarks of Sen. Lindsay).

upon the trustee; the benefit, an exception, was granted the adverse claimant.

When Congress wanted to grant or restrict jurisdiction, it did so with precision. Thus it not only specified the consent exception in section 23(b), but also by the same section favored the trustee by excepting suits by the trustee for recovery of property under sections 60, 67 and 70 of the Bankruptcy Act.[10] It would amount to judicial legislation, in the face of the demonstrated Congressional purpose in section 23(b) to benefit the harassed adverse claimant, to hold that in addition to his consent the trustee's also is required for ·federal court jurisdiction; to so hold in effect would grant the trustee a veto power over a defendant's consent.

Strong support for the view that a trustee's consent is not required is found in Hyman v. McLendon,[11] a case, although not precisely on all fours, that closely parallels the instant one. There, upon the reopening of a bankruptcy, a trustee was appointed by the Bankruptcy Court[12] with directions to prosecute a suit previously commenced in the state court by the bankrupt to impress a trust upon property and for damages charging the defendants with fraudulent conduct. The defendants in the state court action then filed a petition in the Bankruptcy Court asking that court to adjudicate the matters in controversy. The trustee resisted, contending that exclusive jurisdiction rested with the state court. The Bankruptcy Court enjoined the trustee from proceeding with the state court ac-

tion, holding that exclusive jurisdiction was with the federal court.[13] The matter was ordered to trial and resolved against the trustee upon the merits. Upon appeal, he again raised as one of his contentions that the district court lacked jurisdiction to adjudicate the controversy. Addressing itself directly to the contention that the trustee had not consented to jurisdiction, although the defendants had, the Court of Appeals, speaking through Judge Parker, held: [14]

"On the question of jurisdiction, it is perfectly clear that, since the suit was to recover or impress a trust on property not in the possession of the bankrupt and adversely claimed by others, the bankruptcy court would have had no jurisdiction of the controversy if the [adverse claimants] had objected. In such case suit must be brought in the court that would have had jurisdiction in the absence of bankruptcy. 11 U.S.C.A. § 46. It is well settled, however, that the bankruptcy court does have jurisdiction of such a controversy if the parties consent. [citations omitted] And the parties consented here. It is said that there was no consent on the part of the trustee in bankruptcy; but the trustee in bankruptcy was an officer of the court and could have no will with respect to the matter contrary to the court's direction. Consequently when the [adverse claimants] petitioned the court to adjudicate the matter in controversy and the court ordered that this be done, the consent of the trustee followed the order. [citations omitted]

10. 11 U.S.C. §§ 96, 107, 110 (1964).

11. 140 F.2d 76 (4th Cir.), cert. denied, 322 U.S. 739, 64 S.Ct. 1055, 88 L.Ed. 1572 (1944).

12. The Bankruptcy Court is the federal district court. *See* Bankruptcy Act § 1 (10), 11 U.S.C. § 1(10) (1964); MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 266, 52 S.Ct. 505, 76 L.Ed. 1093 (1932); Page v. Arkansas Nat. Gas Corp., 286 U.S. 269, 271, 52 S.Ct. 507, 76 L.Ed. 1096 (1932).

13. The trustee's appeal from this order was dismissed for lack of a timely appeal, 102

F.2d 189 (4th Cir.), cert. denied, 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 472 (1939); subsequently the Court of Appeals dismissed an application by the trustee for writ of mandamus or prohibition to require the district court to refrain from proceeding with the trial upon the merits, 103 F.2d 294 (4th Cir.), cert. denied, 308 U.S. 563, 60 S.Ct. 74, (1939).

14. Hyman v. McLendon, 140 F.2d 76, 78–79 (4th Cir.), cert. denied, 322 U.S. 739, 64 S.Ct. 1055, 88 L.Ed. 1572 (1944).

\* \* \* [W]hen the defendants by their petition submitted themselves to the jurisdiction of the bankruptcy court and asked that the rights of the trustee as against themselves be there determined, there can be no question as to the court's power to make the determination."

In the instant case the petition for removal was the proper means for the defendant, the adverse claimant, to consent to federal court jurisdiction. The consent of the trustee is not required. Accordingly, given the defendant's consent here, the district court would have had original jurisdiction of the trustee's action and the requisites of removal under section 1441(a) are satisfied.

The motion to remand the first cause of action is denied.

## SECOND, THIRD AND FIFTH CAUSES OF ACTION

■ The foregoing determination readily disposes of the plaintiffs' motion to remand with respect to these causes of action, each brought on behalf of a separate plaintiff. Diversity of citizenship and the jurisdictional amount exist in each instance; consequently, the motion to remand is denied.

## THE FOURTH CAUSE OF ACTION

There remains for final consideration the fourth cause of action, where diversity of citizenship exists, but the jurisdictional amount is lacking, since recovery is sought only in the sum of $4,000.

■■ We need not consider defendant's contention that plaintiff deliberately reduced his damages to defeat removal of his action to this court. The alleged conversion by the defendant of each separate plaintiff's property constitutes a wrong personal to each plaintiff and gives rise to a separate and independent cause of action in favor of such plaintiff.[15] Since the first, second, third and fifth causes of action are each separate and independent and removable if sued upon alone, the fourth cause of action is subject to removal under section 1441(c), which permits the court to retain or remand an otherwise nonremovable cause of action in its discretion.[16] Upon the facts here presented, it appears to be a sound exercise of discretion that the fourth cause of action be retained together with the others.[17] Although this plaintiff's claim is legally separate, all the claimed wrongs, as plaintiffs themselves urge, have a common factual basis—foreclosure by Heller after the alleged default by USOA on the loan agreement, the guarantees of USOA officers, subsidiaries and affiliates, and the alleged waiver of default. Trial in a single forum will best promote judicial efficiency and economy. In addition, the defendant sued the plaintiff as a guarantor of the USOA loan in a suit previously commenced in this court. The denial of the remand motion would not preclude plaintiff from applying for leave to assert a counterclaim in the pending action based upon the fourth cause of action, and it will clear the way for an appropriate motion by either of the parties to consolidate the actions.

The motion to remand is denied in all respects.

15. *See* Reynolds v. Bryant, 107 F.Supp. 704 (S.D.N.Y.1952); Scheideler v. Jones, 105 F.Supp. 726 (S.D.N.Y.1952); Hammer v. British Type Investors, Inc., 15 F. Supp. 497 (S.D.N.Y.1933). *See generally* American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Twentieth Century-Fox Film Corp. v. Taylor, 239 F.Supp. 913 (S.D. N.Y.1965); Young Spring & Wire Corp. v. American Guarantee & Liab. Ins. Co., 220 F.Supp. 222, 227–230 (W.D.Mo. 1963).

16. Komlos v. Compagnie Nationale Air France, 209 F.2d 436, 440 (2d Cir.1953), cert. denied, 348 U.S. 820, 75 S.Ct. 31, 99 L.Ed. 646 (1954).

17. *See* Twentieth Century-Fox Film Corp. v. Taylor, 239 F.Supp. 913, 921–22 (S.D. N.Y.1965); Reynolds v. Bryant, 107 F. Supp. 704, 706 (S.D.N.Y.1952); Baltimore Gas & Elec. Co. v. United States Fidelity & Guaranty Co., 159 F.Supp. 738 (D.Md.1958).