Ira J. SANDS, Plaintiff,

v.

James A. GELLER and Harold Webb,
Defendants.

No. 71 Civ. 282.

United States District Court,
S. D. New York.

Feb. 2, 1971.

Gainsburg, Gottlieb, Levitan & Cole, New York City, for plaintiff, by Richard J. Rubin, New York City, of counsel.

Weiss, Bronston, Rosenthal, Heller & Schwartzman, New York City, for defendant James A. Geller, by Richard F. Horowitz, New York City, of counsel.

Harold Webb, pro se.

POLLACK, District Judge.

The plaintiff, Sands, a citizen of New York has moved to remand this suit to the New York Supreme Court from whence it was removed as a diversity case on petition of the defendant Geller, a citizen of New Jersey. Webb, named as the other defendant herein, is a citizen of New York and plaintiff contends that there is incomplete diversity of citizenship as between the plaintiff on the one side and the defendants on the other. For the reasons hereafter stated, the motion to remand lacks legal merit and will be denied.

### 1.

This action was commenced on January 15, 1971 for the dissolution of a law partnership and an accounting of its affairs. In January, 1970, pursuant to an oral agreement among the parties, Sands and Geller entered into a partnership for an indefinite term and Webb was employed by them on a salaried basis. They assumed and used the firm name of Sands, Geller & Webb. The arrangement continued until sometime in December, 1970, when differences arose and Geller declared the partnership to be terminated. About a month later, Sands, in connection with the inception of this suit, applied in the state court for a preliminary injunction against Geller to enjoin the latter from occupying the firm's premises or interfering with Sands, the firm, its employees, associated attorneys and clients.

■ On January 21, 1971, before the hearing of the merits on the application for the preliminary injunction, Geller filed his petition for removal of the suit to this Court together with the required undertaking and gave appropriate notice to the plaintiff and to the Clerk of the Supreme Court for the County of New York. Removal to a federal court halts all further proceedings in the state court, 28 U.S.C. § 1446(e), which thereupon loses jurisdiction unless and until the case is remanded. Lowe v. Jacobs, 243 F.2d 432 (5th Cir.), cert. denied, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957); Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226 (S.D.N.Y. 1960) (Metzner, J.), rev'd on other grounds, 319 F.2d 609 (2d Cir. 1963); Fire Ass'n v. General Handerkerchief Corp., 304 N.Y. 382, 107 N.E.2d 499 (1952).

On January 26, 1971, a show cause order was duly signed by a Judge of this Court directing all parties to appear for a hearing on a motion to remand on January 27, 1971.

■■ On the return day, the plaintiff claimed that prior to removal, his attorneys attempted to proceed in the suit by mailing a copy of the state court summons and complaint to the defendant Webb who, it is claimed, acquiesced in the manner of service and thereby became a party to the suit. In addition, plaintiff personally served defendant Webb with the order to show cause as directed by this Court. The defendant Webb appeared *pro se* in response to the order to show cause and denied that he was ever effectively served with process as a defendant or had agreed to waive proper service. The "service" on defendant Webb prior to removal was insufficient under New York law. New York CPLR § 308 (Supp.1970). Jurisdiction was not conferred after removal by personal service of the order to show cause because the requirements of the Federal Rules of Civil Procedure were not met. Fed.R.Civ.P. 4(d); Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962). Accordingly, any process "served" on defendant Webb is quashed.

Argument on the motion to remand was heard on the part of the parties to the suit and decision was reserved.

### 2.

The complaint, verified by the plaintiff Sands, asserts that under the oral agreement of partnership the parties agreed from inception of the firm to use the offices then occupied by Sands and to use the equipment and facilities therein, but that title to such assets would remain with Sands. It was further agreed that all miscellaneous work in process as well as all cases then or thereafter designated as "Mutual Fund Security Cases" were to belong solely to Sands as if no partnership had been formed and to remain in the name of Sands individually or in conjunction with forwarding counsel. The proceeds or losses on all matters coming to either plaintiff or defendants after the formation of the partnership as well as the designated "Real Estate Securities Cases" and negligence cases on which retainers had been filed in the name of Geller individually, were to be shared between Sands and Geller on a 75%–25% ratio, respectively.

Sands and Geller were the sole contributors of initial working capital of the firm—Sands $3,000 and Geller $1,000.

The oral agreement pleaded in the complaint defined the status of Webb in the firm:

> Defendant Webb was designated as a "special partner", agreed to lend his name to the firm, was to receive no shares of profits nor suffer losses and was to receive a stipulated drawing in return for his services.

The complaint seeks no relief against Webb. The prayer of the plaintiff is for a "judgment against defendant Geller" alone:

> 1. Adjudicating that any and all partnership and joint enterprises between plaintiff and defendants have been terminated and dissolved;
>
> 2. That plaintiff and defendant be required to account and that such accounts be passed upon by the Court;
>
> 3. That an account be stated between plaintiff and defendant Geller and the rights and obligations of the parties determined and appropriate judgments entered in accordance therewith * * *.

The complaint specifically asserts that "before commencing this action, plaintiff requested defendant Webb to join as a co-plaintiff herein, but he refused so to do and is therefore made a defendant."

The moving affidavit seeks to explain Webb's presence in the suit. It states in effect that since Webb's special partnership (*sic*) status was concealed from the public while his name was included in the partnership title, "he is entitled to have a specific adjudication * * * confirming [his true] status without which he may expose himself to claim and liability."

It is perfectly plain that Webb was merely a salaried employee and was not a partner of the parties *inter sese*. Within the organization, Webb undertook no responsibility of partnership. He had no share in the profits or losses; he made no contribution to the capital; his services were compensated on a salaried basis. In their submission, Geller's attorneys confirm the status of Webb as alleged by Sands; they say, "Harold Webb * * * was not a partner of Sands and Geller * * * Webb cannot, by any stretch of the imagination, be a partner; he is nothing more than a salaried employee."

Plaintiff urges that the firm filed a "BUSINESS CERTIFICATE FOR PARTNERS" in the office of the New York County Clerk which certified over the signature of the three individuals here involved that they were conducting business as members of a partnership under the name or designation of Sands, Geller and Webb. Apparently, this name was used in Court appearances and with clients. The use of a firm name and the filing of a Business Certificate, conveying as they did, a partnership status for Webb, were a euphemism, an unwarranted representation to the public, clients and the Courts;

these, however, did not elevate Webb to a partnership status so far as the litigating parties herein are concerned. Lawyers may not hold themselves out as a partnership when no real partnership exists in fact.[1]

### 3.

 Webb is an unnecessary party to this action and his presence, if he were before the Court on proper service of process, would not affect jurisdiction based upon diversity of citizenship. "Jurisdiction cannot be defeated by joining formal or unnecessary parties." Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, 631 (1924).

Since Webb had no rights as a partner, he has nothing to account for in these proceedings. To the extent that his bringing cases into the firm makes him some sort of creditor, his rights as a creditor are not to be resolved here. Moreover, the record contains an acknowledgment by Webb indicating that any question of Webb's status with matters he introduced to the firm has been settled. There is no controversy involving Webb.

There is dictum in an old New York case to the effect that only partners need be made parties to an accounting and that creditors' interests are taken care of by the Court. Waddell v. Darling, 51 N.Y. 327, 331 (1873).

It has been held that a limited partner who shared in the profits, may be disregarded for diversity jurisdiction purposes. Colonial Realty Corp. v. Bache & Co., 358 F.2d 178, 183 (2d Cir.), cert. denied, 385 U.S. 817, 87 S.Ct. 40, 17 L. Ed.2d 56 (1966). In that case plaintiff

was a Delaware corporation while defendant was a limited partnership organized under New York law. Plaintiff unsuccessfully argued that complete diversity was absent since one of defendant's limited partners was a citizen of Delaware. The Court held that the limited partner was not a proper party to proceedings by or against the partnership under New York Partnership Law § 115.

Webb is not even a limited partner since he does not share in the partnership's profits. New York Partnership Law § 99.

The cases cited to the Court by plaintiff all say that all partners must be parties to an accounting; however, in context the reference is made to general partners and Webb clearly is not a general partner.

### 4.

 Even if it might be assumed that Webb is an indispensable party to the action, for purposes of determining diversity, his interests are the same as plaintiff's and therefore must be considered with plaintiff for determining diversity. The Court looks beyond the nominal designation of parties as plaintiff or defendant to determine diversity. Parties are to be arranged according to their sides in the dispute. Indianapolis v. Chase Nat'l Bank of City of New York, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47, 50 (1941); Smith v. Sperling, 354 U.S. 91, 97, 77 S.Ct. 1112, 1116, 1 L. Ed.2d 1205, 1211 (1957); Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L. Ed.2d 1221 (1957).

Plaintiff's complaint asserts that he is jointly interested with Webb in the ac-

---

1. It is a misrepresentation to the public, clients and the Courts and professionally improper to hold a lawyer out as a full member of a partnership, who in fact is merely an employee. A.B.A.Code of Professional Responsibility, Disciplinary Rule DR 2–102(C), Ethical Consideration EC 2–13; A.B.A., Opinions on Professional Ethics Nos. 106, 126 (1967). The firm style used here falsely suggested the existence of a partnership when there was no such partnership. The use of an assumed or trade name is forbidden by the Canons of Ethics, No. 33; Assoc.Bar City N. Y., Opinions on Professional Ethics No. 607 (1956); see Drinker, Legal Ethics 204, 206 (1953).

tion and Webb is a defendant only because he refused to join as a plaintiff. The mere form of pleadings may be put aside and the parties placed on different sides of the matter in dispute according to the facts. Meyer v. Delaware R. R. Constr. Co., 100 U.S. 457, 468, 25 L.Ed. 593 (1879). The Court should look "beyond the formal arrangement made by the bill" to the actual controversy. Helm v. Zarecor, 222 U.S. 32, 36, 32 S. Ct. 10, 12, 56 L.Ed. 77, 80 (1911).

In this case, plaintiff's complaint together with the acknowledgment by Webb found in plaintiff's papers foreclose any finding that Webb is adverse to Sands. While Webb may have disagreements with Geller (they have not been voiced), he now has none with Sands. Clearly, Webb should be aligned with Sands in determining whether diversity exists. Wright, Law of Federal Courts § 30, n. 4 (2d ed. 1970).

### 5.

A third basic issue is also raised by plaintiff's motion to remand. Webb was not served with process prior to the removal proceeding. Diversity therefore existed at the time the petition to remove was filed. In Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, 631 (1924), the Supreme Court said, "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." However, Pullman Co. v. Jenkins, 305 U.S. 534, 539, 59 S.Ct. 347, 83 L.Ed. 334 (1939) held that where all the parties named in the pleadings were not citizens of different states, diversity jurisdiction was not created merely by the omission to serve the resident defendant prior to the removal petition.

Since *Pullman*, however, the removal statute has been amended to say that an action "shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b) (empha-

sis added). Barron & Holtzoff focuses on the change in the statutory language and says, "[t]he implication seems clear that there can be removal where the resident defendant has not been served." 1 Barron & Holtzoff, Federal Practice and Procedure, § 103, n. 31 (Supp.1970). Several cases follow this line of reasoning. *E. g.*, Duff v. Aetna Casualty & Surety Co., 287 F.Supp. 138 (N.D.Okl. 1968); Robertson v. Nye, 275 F.Supp. 497 (W.D.Okl.1967). But see, *contra*, Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969); Wolsum v. J. W. Bateson Co., 182 F.Supp. 879 (W.D.Mo.1960).

Professor Moore takes the position that failure to serve a resident defendant does not permit the nonresident defendant to remove because "one cannot ignore the practical reality that simultaneous service upon multiple defendants will not occur." 1A Moore, Federal Practice, ¶ 0.168 [3.–2] at 1174 (2d ed. 1965).

If a defendant could remove the case the instant he was served but before a resident defendant had been served, there could be unnecessary jurisdictional problems and litigation; and nondiversity cases may be decided in federal courts. On the other hand, a resident defendant might have been joined solely to avoid federal jurisdiction and this could account for delay in serving process.

While much can be said for the argument that the change in the language of 28 U.S.C. § 1441(b) indicates that Congress wished cases to be removable when the resident defendant has not been served, the litigation which might ensue over whether there was a sufficient opportunity to serve the resident defendants can be avoided by adhering to the *Pullman* rule. Failure to serve a party such as Webb will usually occur when the party is either aligned with the plaintiff or else is treated as a nominal party. When that happens, the rules already discussed above come into force and will prevent the unserved defendant

from destroying diversity jurisdiction. Since those rules are applicable here, the issue concerning the lack of service on Webb need not be resolved.

Accordingly, the motion to remand is denied in all respects.

So ordered.