**LYON FORD, INC., Plaintiff,**

v.

**FORD MARKETING CORPORATION
et al., Defendants.**

**No. 71-C-738.**

United States District Court,
E. D. New York.

July 7, 1971.

Pollan, Zimmer, Fishbach & Hertan, New York City, for plaintiff; by Louis C. Fieland, New York City, of counsel.

Hughes, Hubbard & Reed, New York City, for defendants Ford Marketing Corp. and S. J. Obringer; by Otis Pratt Pearsall, John A. Donovan, James F. Parver, New York City, of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

The case is before the court on (1) a motion by plaintiff to remand to the Supreme Court, Suffolk County, (2) a motion by plaintiff for a preliminary injunction to keep in effect certain marketing agreements for Ford cars and

trucks, and (3) a motion by defendants Ford Marketing Corporation and Obringer to dissolve the ex parte temporary restraining order granted by the New York State Supreme Court, Suffolk County.

This case is a companion case of Lyon Ford, Inc. v. Ford Motor Company, 71–C–347, which was also begun in the Supreme Court, Suffolk County, and removed to this court. Plaintiff is now represented by different counsel from those who filed No. 71–C–347.

In 71–C–347, this court filed a Memorandum and Order dated May 10, 1971 denying a preliminary injunction against the termination of the same marketing contracts and dissolving a prior stay.

Plaintiff seeks to continue as the Riverhead dealer of Ford motor vehicles under agreements which had been in effect from 1959 until they were terminated by written notice from Ford, originally stated to be effective March 15, 1971. The contracts were kept in effect by stays until this court's Memorandum and Order of May 10, 1971. In denying a preliminary injunction after evidentiary hearings, the court found in 71–C–347 that plaintiff had shown no reasonable probability of proving that it had fulfilled its obligations under the contracts, because the record indicated that

(1) Lyon Ford due to financial difficulties lacked sufficient net working capital to carry out and perform its dealership duties; (2) Lyon Ford failed to receive Ford Motor Company's consent prior to relocation in 1970; and (3) at the time Ford proposed to terminate the franchise, Lyon Ford was in a state of insolvency as that term is employed in the agreements.

The explanation for the institution of a second action is that Ford Motor Company had assigned its rights under the dealership agreements to Ford Marketing Corporation, a wholly owned subsidiary, before the notice of termination was given. This court ruled in 71–C–347 that Ford Motor Company was nevertheless a proper party defendant because it was a signatory to the contracts and could not terminate its obligations to plaintiff by a mere assignment of rights to a subsidiary. The complaints also differ in that 71–C–738 is based on Section 197 of the New York General Business Law, McKinney's Consol.Laws, c. 20, which forbids termination of a dealership agreement for new motor vehicles except "for cause." The prior action was based on a claim that the termination was made in violation of the agreements and requested that the agreements should be declared to be in full force and effect.

Plaintiff contends that removal of the present case is improper because two New York parties, Thomas Hart and J. J. Hart & Sons, Inc. have been joined as defendants. The complaint charges that J. J. Hart & Sons, Inc. and Mr. Hart, who is its chief stockholder and officer, were parties to a continuing conspiracy from prior to September 3, 1970, when the first notice of termination of the dealer contracts was sent to plaintiff. The purpose of the conspiracy is alleged to have been to deprive plaintiff of its dealership and confer it on J. J. Hart & Sons, Inc., a "favorite son" dealer of Ford Marketing Corporation and defendant Obringer, who is the district sales manager of Ford Marketing Corporation.

Defendant responds that the Hart's have been improperly joined in this action because the complaint states no cause of action against them. It also asserts that any claims against the Hart's are separable and therefore do not prevent removal.

Plaintiff was given an opportunity to present evidence in support of its motion for a preliminary injunction, but declined to do so until the motion for remand was decided.

### 1. *The Question of Remand*

In the light of the history of the prior action and plaintiff's failure to disclose the relevant facts in the papers which it submitted to the state court, there is

reason to consider that the Hart's were made defendants in order to defeat federal jurisdiction. The first step in the new action was an order to show cause for a preliminary injunction, but no injunction was sought against the Hart's, either in the complaint or in the motion papers. The complaint seeks damages of $1,500,000. Ford can presumably pay any judgment that can be obtained. The presence of the Hart's in the case adds little to enhance plaintiff's possibility of collecting any damages to which it may be entitled.

The complaint purports to state a single cause of action and cites Sections 197 and 197–a of the General Business Law of the State of New York. Section 197 provides that a manufacturer or distributor of new motor vehicles may not terminate an agreement with a dealer except for cause. Section 198 provides that a court *may* grant a preliminary injunction in an action under Section 197. Section 197–a, which forbids any refusal to renew a dealership contract, "except in good faith" is not applicable here, because it relates only to contracts executed on or after September 1, 1970.

Under a similar statute, forbidding a landlord to terminate a lease with a commercial tenant, it has been held that the tenant's rights for illegal termination extend only to the landlord and that there is no cause of action against a new tenant who may have rented the same premises. A. B. Magonigle Trucking Co. v. Tambini, 302 N.Y. 617, 619–620, 96 N.E.2d 900, 901 (1951); Paterno v. Wash. Sq. Village Corp., 14 A.D.2d 741, 742, 220 N.Y.S.2d 254, 255–256 (1st Dept.), aff'd, 11 N.Y.2d 829, 227 N.Y.S. 2d 443, 182 N.E.2d 115 (1962).

■ The General Business Law does not grant a dealer a cause of action against a third party who is neither a manufacturer or distributor, and therefore does not give any rights against the Hart's.

■ Plaintiff suggests that the complaint against the Hart's may nevertheless be sustained as one for *prima facie* tort or for inducing breach of contract. A normal reading of the complaint does not indicate that such a cause of action is alleged. Giving plaintiff the benefit of a liberal interpretation, however, the Ford defendants would have a right to pierce the complaint to determine whether the alleged cause of action has some substance or is mere sham to avoid federal jurisdiction. Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).

■■ Even if a valid cause of action is stated against the Hart's, Ford and Obringer are not liable for either *prima facie* tort or inducing breach of contract. A party to a contract cannot be liable for conspiring to breach its own agreement. Bereswill v. Yablon, 6 N.Y. 2d 301, 306, 189 N.Y.S.2d 661, 664, 160 N.E.2d 531 (1959), nor can a corporate agent be liable for inducing or conspiring to induce a breach of contract, unless he was acting adversely to the corporation. Roberts v. Grandview Dairy, Inc., 20 A.D.2d 574, 575, 245 N.Y.S.2d 877, 880 (2d Dept.1963); Buckley v. 112 Central Park South, Inc., 285 App.Div. 331, 333–334, 136 N.Y.S.2d 233, 235–236 (1st Dept.1954).

■ The causes of action against Ford Marketing and against the Hart defendants are separate and independent claims. See Herrmann v. Braniff Airways, Inc., 308 F.Supp. 1094 (S.D.N.Y. 1969). Therefore 28 U.S.C. § 1441(c) is applicable. It provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In another case where a plaintiff tried to convert a contract action into a joint cause of action for tort, in order to avoid federal jurisdiction, a motion to

remand was denied. Harris v. Equitable Life Assurance Society, 147 F.Supp. 478 (S.D.Iowa 1957).

In this case, the court would exercise its discretion to determine all issues, rather than remand the separate cause of action to the state court.

Since the removal was proper under Section 1441(c), it is not necessary to determine whether a valid separate cause of action has been stated against the Hart's or whether there is a factual basis for any cause of action which is stated. Plaintiff's counsel offered to produce a witness to show that Hart was interested in the Riverhead franchise before Lord served its notice of termination, but counsel, when given an opportunity, did not bring the witness to court.

### 2. Motion for Preliminary Injunction

In considering the right to a preliminary injunction, the plaintiff would have the court disregard all the proceedings in 71–C–347 where a preliminary injunction was denied. This contention disregards the present New York rule of collateral estoppel, which forbids a party from litigating an issue a second time if it has been decided in a prior action where there was a full and fair opportunity to contest the matter. Schwartz v. Public Administrator, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969); Servo Corp. v. Railtron, E.D.N.Y. 67–C–400, June 30, 1971.

The issue under General Business Law, § 197, whether the agreements were terminated "for cause," is substantially the same as the issue considered in 71–C–347.

Plaintiff had a full and fair opportunity to present the facts in the hearings on a preliminary injunction in 71–C–347. No new facts have been shown here. The contention that Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (2d Cir. 1970), mandates the granting of a preliminary injunction, is not supportable. In that case, it was undisputed that Semmes had adequately represented Ford in the Scarsdale market, while there was substantial testimony here that Ford had not been adequately represented in the Riverhead market.

### 3. Dissolution of Temporary Injunction

No further action is necessary in order to dissolve the temporary injunction contained in the order to show cause which was issued by the Supreme Court.

The temporary injunction has expired by its terms, since it extended only "pending the hearing of this motion;" the Judge struck out the words "and determination." The hearing of the motion has been completed.

The original effectiveness of the injunction is doubtful, since it directed Ford to "continue" agreements which had already been terminated, and failed to provide for an undertaking as required by NYCPLR § 6312(b).

Finally, the court announced at the hearing in this action on June 25, 1971 that it was not continuing the temporary injunction.

It is ORDERED, (1) that plaintiff's motion for remand be denied; (2) that plaintiff's motion for a temporary injunction be denied, without prejudice to renewal on new papers; and (3) that termination of the temporary injunction contained in the order to show cause issued by the Supreme Court, Suffolk County, is hereby confirmed.