SYMS, INC., Plaintiff,

v.

**IBI SECURITY SERVICE, INC. and United Jersey Bank, Defendants.**

**No. 83 Civ. 4213 (JES).**

United States District Court,
S.D. New York.

May 9, 1984.

Immerman & Immerman, New York City, for plaintiff; Sidney S. Korzenik, New York City, of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendant IBI Sec. Service, Inc.; Richard S. Klein, New York City, of counsel.

Howard B. Felcher, New York City, for defendant United Jersey Bank.

OPINION & ORDER

SPRIZZO, District Judge:

Defendant IBI Security Service, Inc. has moved to remand this case to state court. For the reasons that follow, the motion is granted.

FACTS

Plaintiff, Syms, Inc., a New York corporation with its principal place of business in New York, owns and operates a chain of retail stores. Defendant IBI Security Service, Inc. ("IBI"), also a New York corpora-

tion with its principal place of business in New York, provides armored car service, security personnel and couriers responsible for picking up, transporting and delivering checks and monies. Defendant United Jersey Bank (the "Bank") is a New Jersey corporation with its principal place of business in New Jersey, and is engaged in public banking operations. *See* Verified Complaint ¶¶ First—Fourth; Petition for Removal to the Federal Court ¶ 3.

On April 15, 1982, an action was commenced by plaintiff in the Supreme Court of the State of New York, County of New York, against IBI. On May 5, 1983 plaintiff filed an amended complaint against both IBI and the Bank, alleging that on or about September 12, 1981 Syms delivered to, and IBI received, two sealed money bags at the Syms retail store in Paramus, New Jersey, with the understanding and agreement that these bags, which plaintiff alleges to have contained the sum of $65,-092.26 in cash and checks, were to be delivered to the night depository of defendant Bank for deposit in the Syms account. IBI claims that it duly delivered these bags to the Bank, whereas the Bank claims that the money bags were never received, and that Syms' account was not credited with said sum or any part thereof. The complaint goes on to allege claims against IBI for conversion and against both defendants for money had and received. The defendants deny these allegations, and have cross-claimed against each other.

On June 3, 1983, the Bank filed a Petition for Removal stating that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 and that the action is therefore removable pursuant to 28 U.S.C. § 1441, "in that it is a civil action wherein the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest and costs, and is between citizens of different states." Petition for Removal ¶ 2. The Petition continues by describing the citizenship of the parties as previously discussed, *supra*, at 1. Petition for Removal ¶ 3.

IBI's contends that this action was improperly removed in that both plaintiff and defendant IBI are citizens of the same state, and that IBI, a party in interest properly joined and served as a defendant, is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b).[1] In response, the Bank claims that removal was proper under 28 U.S.C. § 1441(c)[2] because plaintiff's claim against the Bank, as to whom diversity exists, is "separate and independent" from the claim against IBI, and, thus forms an independent basis for removal of the entire action. The Bank further contends that since its interest is the same as plaintiff's the parties should be "realigned" for the purposes of determining diversity.

## SEPARATE AND INDEPENDENT CLAIMS

■ The seminal case on the issue of whether claims are "separate and independent" is the Supreme Court's decision in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the Court discussed the 1948 revision of the removal statutes, whereby the "separable controversy" test was replaced by the more stringent "separate and independent claim" or cause of action test. *Id.* at 10–12, 71 S.Ct. at 538–39. The Court noted that one of the impor-

---

1. 28 U.S.C. § 1441(b) provides:
   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. 28 U.S.C. § 1441(c) provides:
   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

tant purposes of Congress in adopting the "separate and independent claim" test for removal was to *limit* removal from state courts. *Id.* at 9, 10, 71 S.Ct. at 537–38.[3] The Court interpreted the statutory language to mean that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

In a recent opinion of this Court, *American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. 843 (S.D.N.Y. 1983), Judge Knapp discussed the two formulations of the *Finn* test which are used by the vast majority of courts for determining whether a plaintiff has alleged separate and independent claims pursuant to section 1441(c): the "single wrong" test (*see Finn*, 341 U.S. at 14, 71 S.Ct. at 540) and the "related series of events" test (*see Finn*, 341 U.S. at 16, 71 S.Ct. at 541). *American Mutual*, 565 F.Supp. at 848. Under either standard, the circumstance that "claims" state separate theories of recovery, or separate or alternative prayers for relief, or are found in different counts, is not sufficient to establish that they are separate and independent within the meaning of section 1441(c). Nor is the fact that plaintiff sues the defendants jointly, severally, or jointly and severally. *Id.*

From the complaint in this case, it is clear that plaintiff is alleging a "single wrong"—the loss of the money bags. Although it seeks to hold each defendant liable for all or part of that loss, plaintiff may recover, if at all, only once to the extent of its loss. Indeed, paragraph "Eleventh"[4] of the complaint makes it clear that plaintiff wishes the Court to determine which of the two defendants is liable for this one loss of property. If plaintiff recovers from both defendants, it will only be because each has been found liable for some part of that loss. And if plaintiff recovers the full amount from only one defendant, it can recover nothing from the other defendant.

The efforts by counsel for the Bank, as well as counsel for plaintiff who has joined in opposing the motion to remand, to distinguish this case from *Finn* and cases following it are not persuasive. Nor does the Court agree with counsel that the *Finn* interpretation of section 1441(c) "has been consistently criticized by this Court and in subsequent commentaries." Defendant's, United Jersey Bank, Memorandum of Law in Opposition to Motion to Remand at 6.

The Bank's reliance on *Herrmann v. Braniff Airways, Inc.*, 308 F.Supp. 1094 (S.D.N.Y.1969) (Lasker, J.), *Reynolds v. Bryant*, 107 F.Supp. 704 (S.D.N.Y.1952) (Weinfeld, J.), and *Scheideler v. Jones*, 105 F.Supp. 726 (S.D.N.Y.1952) (McGohey, J.) is misplaced. Each of those cases involved *multiple plaintiffs*, a circumstance which clearly distinguishes those cases from *Finn*. Where multiple plaintiffs are involved each plaintiff alleges "separate and varying claims for damages" which involve different requirements of proof and result in different awards of damages. *Herrmann*, 308 F.Supp. at 1100. *See also* 1A *Moore's Federal Practice* ¶ 0.163[4.–5] at 268 (2d ed. 1982).[5]

---

**3.** The Reviser's Notes to 28 U.S.C. § 1441 state:
Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of the United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation.

**4.** Paragraph "Eleventh" alleges that:
Plaintiff does not have the means of determining which of the two defendants is liable and brings this suit to make such determination, plaintiff being upon the foregoing facts enti-

tled to judgment in the alternative either against defendant IBI or against defendant Bank for the full amount of $65,092.26, or against one for part of said sum and against the other for the balance thereof.

**5.** *Herrmann* involved a suit brought by the executors of two passengers, one a New York citizen and the other from Texas, who were killed in an airplane crash. The Court declined to apply the language in *Finn* literally, although it was clear that the injuries were caused by a "single incident," *id.* at 1098, noting that "*Finn* and almost all reported diversity cases involve a single plaintiff who has made related claims against

The case of *Leinberger v. Webster*, 66 F.R.D. 28 (E.D.N.Y.1975) (Neaher, J.), relied on by the Bank, is legally and factually distinguishable. In that case a motion to remand was denied where a plaintiff sued both the driver of an automobile and the doctor whose later malpractice in treating plaintiff compounded the injuries sustained during an automobile accident. The court noted that there were in effect two separate injuries—one caused by the accident, and one caused by the doctor's subsequent aggravation of that injury. *Id.* at 32. Here, there is only one injury. Moreover, as the Court noted, the misconduct of each defendant was "both spatially and chronologically distinct." *Id.* Similarly, *Tenenbaum v. Walter E. Heller, Co.*, 308 F.Supp. 1085 (S.D.N.Y.1970) (Weinfeld, J.), is inapposite. In addition to being another multiple plaintiff case, there was a predicate for federal jurisdiction other than diversity; *i.e.*, section 23 of the federal Bankruptcy law. *Id.* at 1086. Finally, *Coleman v. Johnston*, 532 F.Supp. 370 (S.D.N.Y.1981) (Sweet, J.) involved nominal defendants and collusive or fraudulent joinder, none of which is present here.

### REALIGNMENT

■ In further support of removal, and in opposition to the motion to remand, the Bank and plaintiff argue that the Court should realign the parties in this action for purposes of determining diversity because the "actual controversy" lies between the co-defendants. *See Indianapolis v. Chase National Bank*, 314 U.S. 63, 69–70, 62 S.Ct. 15, 16–17, 89 L.Ed. 47 (1941). As support for this argument the Court is referred to *Sands v. Geller*, 321 F.Supp. 558 (S.D.N.Y.1971). That argument lacks merit.

In *Sands*, an action based on a partnership dissolution and accounting, plaintiff named as a defendant a non-diverse partnership employee who had refused to join as a plaintiff, and against whom plaintiff made no claim. As Judge Pollack explained, the joinder in that case did not destroy diversity jurisdiction, because " '[j]urisdiction cannot be defeated by joining formal or unnecessary parties.' " 321 F.Supp. at 561 (quoting *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924).[6]

■ In this case, plaintiff sues two defendants, and pleads liability and damages with respect to both. By no stretch of the imagination can a defendant against whom plaintiff seeks relief be regarded as an unnecessary party. There is present here a clear "collision of interest" between the plaintiff and both defendants which renders realignment both inappropriate and impermissible. *See American Mutual, supra*, at 846; *see also American Motorists Insurance Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir.1981). The fact that one defendant may benefit should plaintiff prevail against another defendant is not in and of itself sufficient to sustain realignment. *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F.Supp. 1232, 1241 (S.D. N.Y.1979). Accordingly, the Court cannot properly realign the parties for purposes of creating diversity in this case. *Id.*

### COSTS AND ATTORNEY'S FEES

■ In remanding a case to state court, the federal courts are authorized to award costs against the removing party pursuant to 28 U.S.C. § 1447(c), and may properly do so where a removal is effected in bad faith or is predicated upon a diversity of citizen-

---

*multiple defendants* in a single case, whereas here we are concerned with *multiple plaintiffs* who have joined their individual claims in a single suit against a single defendant". 308 F.Supp. at 1100 (emphasis in original).

**6.** Judge Pollack also noted that at the time the action was removed, the non-diverse party had not been properly served with the complaint; therefore complete diversity existed at the time

of removal. 321 F.Supp. at 562. The Bank also cites *Lyon Ford, Inc. v. Ford Marketing Corporation*, 337 F.Supp. 691 (E.D.N.Y.1971) in support of realignment. That case, however, has nothing to do with realignment, although it mentions that fraudulent joinder may defeat federal jurisdiction. The court in *Lyon* held removal was proper because the complaint stated separate and independent claims. *Id.* at 694.

ship that clearly does not exist. *See Zimmerman v. Conrail,* 550 F.Supp. 84, 87 (S.D.N.Y.1982); *Dunkin Donuts of America v. Family Enterprises Inc.,* 381 F.Supp. 371, 373 (D.Md.1974). At a Pre-Motion Conference before this Court on September 23, 1983, the Court stated that a motion to remand should be avoided if the law on removal jurisdiction is clear. The precedents cited in this Opinion demonstrate that removal was clearly improper in this case. Further, counsel for IBI made efforts to persuade counsel to consent to a remand because removal was clearly improper. Affidavit in Support of Motion to Remand ¶ 3. Accordingly, reasonable costs and attorney's fees incurred with respect to this motion will be awarded to defendant IBI. An application for such reasonable costs shall be submitted to the Court.

It is SO ORDERED.