**REINES DISTRIBUTORS, INC., Plaintiff-Appellant,**

**v.**

**ADMIRAL CREDIT CORPORATION, Defendant-Appellee.**

**No. 364, Docket 28046.**

United States Court of Appeals Second Circuit.

Argued May 29, 1963.

Decided June 27, 1963.

Malcolm A. Hoffmann, Hoeniger & Rozen, New York City (Berthold H. Hoeniger, New York City, of counsel), for plaintiff-appellant.

O'Brien, Driscoll & Raftery, New York City (George A. Raftery, William D. Friedmann, New York City, of counsel), for defendant-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Plaintiff below, Reines Distributors, Inc., appeals from an adverse summary judgment entered in the United States District Court for the Southern District of New York, Metzner, J., upon the counterclaim of defendant-appellee, Admiral Credit Corporation. Defendant's counterclaim was gounded upon a "Dealer Inventory Financing Agreement" under which Admiral Credit financed the "sale" of electrical appliances by Reines to its retail dealers. As security, Admiral Credit acquired title to the merchandise so financed, the dealers executed trust receipts and promissory notes for the inventory entrusted to them until resale to ultimate consumers, and Reines undertook to indemnify Admiral Credit for dealer defaults.

In its pleadings and motion for summary judgment below, Admiral Credit claimed that Reines had breached its indemnity obligations by refusing to repurchase from defendant some $100,000 worth of defaulted dealer paper. Reines did not contest the fact that many of the dealer accounts were in default, nor did it deny its obligation under the agreement, as written, to repurchase upon demand the defaulted paper from defendant for "an amount equal to the total unpaid balance owing on said Wholesale Instrument[s]" with certain deductions

not here relevant. In answer to the motion for summary judgment, however, Reines contended, *inter alia*, (1) that the parties' agreement was modified by a course of dealing under which Reines became defendant's agent for collection of payments from financed dealers, thereby protecting itself, and Admiral Credit, from excessive levels of dealer defaults; (2) that defendant materially breached the agreement as modified by notifying Reines's dealers, on March 9, 1959, that future payments on financed merchandise should be made directly to Admiral Credit; (3) that as a result of this breach Reines was relieved of further obligations under the agreement; (4) that, as a further result of defendant's breach, dealer defaults in Reines's territory rose from less than $20,000 at the end of 1958 to approximately $100,000 by July, 1959; (5) that after the breakdown of the parties' working relationship in 1959 Admiral Credit had failed to minimize its damages by diligently pursuing collections on defaulted accounts; and (6) that the amount of Admiral Credit's supposed damages was sharply in dispute because of such continued collections as Admiral Credit made from defaulting dealers after the commencement of the action.

In entering summary judgment for defendants in the amount of $60,215.90 Judge Metzner rejected each of Reines's defenses on the pleadings, holding that the factual assertions upon which they were based were "purely conjectural and hearsay." We do not agree. Defendant has not denied the course of dealing upon which appellant's claim to modification of the financing agreement is based. Defendant's argument that an oral modification would be precluded by the terms of the contract does not seem conclusive inasmuch as, apart from plaintiff's contention which we do not pass upon that an executed oral modification is valid under Illinois law, there were writings incorporating the alleged modification. If in fact such a modification did occur, Admiral Credit's abrupt notification to its dealers to make further payments di-

rectly to it may well have been a material breach sufficient either to relieve Reines entirely from further liability or to diminish the amount of its liability for subsequent breach of the contract. We are equally unable to determine, upon the pleadings and affidavits before us, whether Admiral Credit failed in its duty to mitigate damages, if such there be, by failure to prosecute claims against defaulting dealers. As these and other genuine issues of fact remain that bear upon defendant's counterclaim, the summary judgment granted below must be, and is, reversed, and the cause is remanded to the district court for trial on the merits.

Reversed and remanded.