**COMMONWEALTH OF PENNSYLVANIA**

v.

**Wendell BRADSHAW.**

**Civ. A. No. 73–355.**

United States District Court,
W. D. Pennsylvania.

June 25, 1973.

Henry Ray Pope, III, Dist. Atty. of Clarion County, Clarion, Pa., for plaintiff.

Harry Swanger, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER REMANDING CASE TO COURT OF COMMON PLEAS OF CLARION COUNTY

KNOX, District Judge.

The defendant has removed this state indictment for aggravated assault and battery found against him in the Court of Common Pleas of Clarion County, Pennsylvania, to this court pursuant to 28 U.S.C. § 1443(1).[1] As the removal statutes now stand, this means that the case has automatically been removed to this court and remains here for trial unless the court remands it.[2]

While the District Attorney of Clarion, although notified of the removal, filed no petition to remand, this court was not satisfied of its jurisdiction over the subject matter. An order was therefore issued *sua sponte* to determine jurisdiction. The parties were directed to file briefs by May 25, 1973. Defense counsel filed a voluminous brief. No brief was filed by the Commonwealth,

---

1. "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;"

2. 1A Moore, Federal Practice 0.168 [3.–8] at pp. 1304–1305 (2d ed. 1965)). State v. Howard, 218 F.Supp. 626 (D.C.Ark. 1963) Sands v. Geller, 321 F.Supp. 558 (S.D.N.Y.1971).

the district attorney indicating he was willing to abide by the order of the court.

In this situation, it would ordinarily be appropriate to refuse the remand. Since, however, the jurisdiction of the court over the subject matter is involved and since the case is fraught with grave precedent making potentialities, we have determined to dispose of it on the facts as alleged and the law. We have considered inter alia the effect on the work load of this court if every member of a minority group in Western Pennsylvania were able to remove a state criminal prosecution against him from state to federal court by claiming violation of his civil rights as the result of alleged inability to receive a fair trial in state court because of racial prejudice. The results could be devastating not only to the calendars of this court but also to the delicate balance between the powers of the state and federal courts in this area.

■ We have concluded that such removal should not be allowed except in strict accordance with the requirements of the Act of Congress, the decisions of the United States Supreme Court and those of our own Court of Appeals respecting such removals. Even absent a petition to remand, we have concluded that this case is not removable and must be remanded to the court from whence it came.

Turning to the petition for removal in this case, we note that it asserts that petitioner is black, that he is a student at Clarion State College at Clarion, Pennsylvania, that he was arrested while exercising his rights as a student to frequent the recreation areas of the college, particularly the pool hall, that the security police of the college attacked him and others without justification and that while lawfully resisting eviction or arrest, he was beaten by these police. A civil rights action for damages or injunctive relief is pending against the college and the individuals in this court at Civil Action No. 73–75.

The criminal complaint, however, charges defendant with aggravated assault and battery upon the security police causing injuries to their heads and puncture wounds of the hands. This is the criminal prosecution we are asked to try in this federal court in Pittsburgh, approximately one hundred miles from Clarion.

Petitioner alleges deprivation of his rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986 (general civil rights), § 2000a (c), (d) (public accomodations) and 18 U.S.C. § 245(b).

The leading cases with which we are concerned are Georgia v. Rachel, 384 U. S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); and Hill v. Comm. of Pa., 439 F.2d 1016 (3d Cir. 1971).

■ Rachel, supra, teaches us that the words "any law providing for . . . equal civil rights" in 28 U.S.C. § 1443(1) must be construed to mean a law providing for specific civil rights "stated in terms of racial equality". It was held that the First and Fourteenth Amendments to the United States Constitution did not specifically confer racial equality rights in such context, but the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq, did.

It was further held (a) that the right upon which petitioner (for removal of a criminal prosecution) relies must be a right under a law providing for equal civil rights and (b) that such rights are denied or cannot be enforced in state courts.

Greenwood, supra, deals with the situation where there is denial of or inability to enforce civil rights in state courts. As to this, the court said:

"Under Sec. 1443(1), the vindication of the defendants federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights *will inevitably be denied by the very act of*

*bringing the defendant to trial in the state court."*

Again in Hill, supra, our Court of Appeals dealt with a similar question. Reliance was also placed on 18 U.S.C. § 245(b) making it a criminal offense to injure, intimidate or interfere with anyone exercising rights. The court said:

"Sec. 245(b) is aimed only at intimidation by force or threat of force in the sense of violent activity. It was not intended to replace the ordered functioning of state legal prosecutions, whatever the motivation of those initiating."

■ With these general principles in mind, we find that the petition for removal fails to state grounds which would justify this federal court in wresting jurisdiction to try this case for aggravated assault and battery from the Clarion Court of Common Pleas.

We assume for the purpose of this proceeding that the student recreation facilities at the college where this altercation arose constituted "public accommodations" access to which was protected under 42 U.S.C. § 2000a et seq. If this were a prosecution for peaceably attempting to enter or remain in such facilities, we would unhesitatingly proceed to trial in this court: Hamm v. Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed. 2d 300 (1964); and the same would be true if it appeared there were multiple arrests and harassments and the criminal charges were trumped up to prevent the exercise of the right of free access to public accommodations as in Rachel and Peacock, supra.

It appears that here all we have is an isolated incident at a state college involving a charge of assault and battery upon a college security officer while resisting what appears to have been a lawful arrest. In this respect, the language of the United States Supreme Court in Greenwood v. Peacock, supra, 384 U.S. at pages 826 and 827, 86 S.Ct. at page 1812 is pertinent:

"The present case differs from Rachel in two significant respects.

First, no federal law confers an absolute right on private citizens—on civil rights advocates, on Negroes, or on anybody else—to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to *bite a policeman.* (Emphasis added). Second, no federal law confers immunity from state prosecution on such charges."

Pennsylvania has been in the forefront of the movement to attain racial equality. For years it has been a criminal offense to discriminate with respect to public accommodations (See 18 Purdon's Pa.Stat. §§ 4653, 4654). There is also a State Human Relations Commission charged with keeping a watchful eye on discriminating practices. 43 Purdon's Pa.Stat. § 951 et seq.

This court, therefore, has every reason to believe that the protection of these rights under both state and federal law, including the question of the legality of petitioner's arrest can safely be left in the hands of the Pennsylvania State Courts. It is in the spirit of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) that these matters be left to the state courts until it is clearly shown by a series of harassing arrests that these rights are incapable of protection and vindication in the Courts of Clarion County.

■ We firmly believe that the courts of Clarion County will uphold and protect the Constitution and laws of the United States with regard to any cases before them. If these charges were trumped up and brought in bad faith to prevent petitioner from exercising his rights under federal law to free and equal access to public accommodations, we would expect the state court to say so. Moreover, if the petitioner is dissatisfied with his treatment in the Common Pleas Court, he has the right of appeal to the Superior and Supreme Courts of Pennsylvania and ultimately to ask the Supreme Court of the United States for certiorari. As to the removal provisions of 28 U.S.C. § 1443(1) which were

invoked by the petitioner to the court, we need only mention the admonition of the Supreme Court in Greenwood v. Peacock, supra, 384 U.S. page 831, 86 S.Ct. page 1814 wherein it was stated:

"that the provisions of § 1443(1) do not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law".

An appropriate order remanding this case to the state court will be entered, but for the protection of the petitioner we will stay the remand for a period of 10 days to enable petitioner to apply to the Court of Appeals for the Third Circuit for such relief as he may be entitled, if any.